IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF            )
THE EXTRADITION OF          )            No. 24-mj-01365-DLC
T.C.                        )

**MOTION FOR THE JUVENILE'S PROCEEDINGS TO BE IN A CLOSED COURTROOM AND TO SEAL THE DOCKET**

Now comes T.C., a sixteen year-old American citizen with no prior criminal history, who moves this Honorable Court to seal the docket in this case, and to close the courtroom throughout the proceedings in this case. *See, United States v. Three Juvs.* 61 F.3d 86, 92 (1st Cir. 1995)("The district court also gave weight to the juveniles' opposition to open proceedings, noting that the media had already subjected the youths to overwhelming publicity, and concluding that adequate protection of the juveniles from stigma and public scrutiny would be impossible unless the proceedings were closed.")

As reason therefore, all federal and state authorities recognize that publicizing the identity of a juvenile associated with criminal charges is detrimental to the psychological wellbeing of the child and to his welfare. *See e.g.* 18 U.S.C. § 5038 and the Justice Manual § 9-8.008; M.G.L. 119 §§ 38, 60A, 65 and Juvenile Court Standing Order 1-84. Similarly, state and federal authorities recognize the need to seal the docket itself, so that not just the identity of the child but also the proceedings involving him are shielded from the public. *Id.*

As stated in the Federal Justice Manual 9-8.008:

Once a determination is made to proceed against a juvenile, the entire proceeding is subject to the limitations set forth in 18 U.S.C. § 5038, which forbid disclosure of the identity of the juvenile, as well as information and records related to the juvenile proceedings, to anyone except the court, the prosecuting authorities, the juvenile's counsel, and others specifically authorized to receive such records. 18 U.S.C. § 5038. The usual methods of complying with these limitations include filing documents in the case under seal, using an anonymized identifier to describe the juvenile (such as "Male Juvenile" or "Juvenile-1") in any pleadings, and conducting proceedings in a closed courtroom or in chambers, without public access. *United States v. A.D.*, 28 F.3d 1353 (3d Cir. 1994). Furthermore, all proceedings pertaining to the juvenile should not be placed on the court's published docketing calendar that is accessible to the general public.

An open courtroom, whether or not T.C.'s full name is used, will permit the public — including the press — to identify the sixteen year-old juvenile. Particularly here, there is intense international publicity given the allegations and nature of the proceedings, including in the United States and Turkey.[1] Furthermore, defense counsel has learned that the Turkish State Press Agency has obtained the Zoom information concerning today's hearing, and has stated its intent to broadcast the entire proceeding. *See, United States v. Three Juvs.* 61 F.3d 86, 93-94 (1st Cir. 1995)("As the district court recognized, it could not bar the media from publishing information legally obtained. 862 F.Supp. at 657 (citing Smith v. Daily Mail Publishing Co., 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979)). Because it had no way of ensuring that certain identifying

---

[1] See e.g., https://www.reuters.com/world/turkish-writer-son-accused-fleeing-after-crash-arrested-us-2024-06-14/#:~:text=Turkish%20novelist%20and%20poet%20Eylem,Boston%2C%20according%20to%20court%20papers; https://www.tbsnews.net/world/turkish-writer-son-accused-fleeing-after-crash-arrested-us-877401; https://www.turkishminute.com/2024/06/15/turkish-writer-son-accused-of-fleeing-after-fatal-car-accident-arrested-in-us-report/; https://www.straitstimes.com/world/europe/turkish-writer-son-accused-of-fleeing-after-crash-arrested-in-us; https://www.hurriyetdailynews.com/details-emerge-on-us-capture-of-fugitive-mother-son-duo-after-istanbul-crash-197491; https://www.arabnews.com/node/2530766/middle-east; https://www.middleeastmonitor.com/20240614-turkiye-writer-son-accused-of-fleeing-after-crash-arrested-in-us/; https://english.alarabiya.net/News/world/2024/06/14/turkish-writer-son-accused-of-fleeing-after-car-crash-arrested-in-us

information would remain confidential if the proceedings were open to the press, the court concluded that it had no less restrictive alternative to closing the proceedings. Id. We think this reasoning is quite sound. The identities of the juveniles had already been widely publicized. Redaction of the juveniles' names from the proceedings as the Globe suggests would therefore have been an exercise in futility. Realistically, the press would merely publish detailed accounts of the "redacted" proceedings, substituting the identifying information previously obtained. In short, redaction, or any other compromise measure, would have been ineffective in preserving the confidentiality of the proceedings.")

That the extradition proceedings against T.C., brought by the U.S. Federal government, are not juvenile delinquency proceedings does not alter the government's and this Court's interests and obligations in protecting children in matters involving criminal allegations. Here, where it is alleged that T.C. accidentally caused the death of another, and the government has sought extradition based on that alleged offense, the proceedings directly involve juvenile delinquency, and all the protections afforded any child any such circumstances should be afforded to T.C. Moreover, the hearings themselves will necessary involve discussion of the deleterious effect of Manson's detention conditions on T.C.'s mental health, a subject that should not be open to public scrutiny when involving a juvenile.

For all the reasons stated herein, the juvenile T.C. requests that the courtroom be closed and all proceedings against him be sealed.

Respectfully Submitted,

T.C.
By his attorney,

/s/ Victoria Kelleher

Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street
Suite 500
Boston MA 02109
978-744-4126

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on all counsel of record this day, June 18, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

/s/ Victoria Kelleher

Victoria Kelleher