IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF T.C. | ) | No. 24-mj-01365-DLC |
| | ) | |

**GOVERNMENT'S OPPOSITION TO**
**MOTION TO SEAL PROCEEDINGS AS TO T.C.**

The United States of America respectfully opposes the motion of T.C. to seal the docket in this case and to close the courtroom throughout the proceedings in this case. *See* Dkt. 20. Because of the strong presumption against closing proceedings or portions thereof, the local rule prohibiting blanket sealing orders, and the availability of less restrictive alternatives, T.C.'s motion should be denied.

"Because of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure." 28 C.F.R. § 50.9. The Local Rules echo this sentiment in banning blanket sealing orders and requiring parties to move to impound each time a document or group of documents is to be filed. L.R. 7.2(d). The government is nonetheless sensitive to T.C.'s status as a juvenile and has taken steps to protect his identity from disclosure, including by referring to him in court and public filings by the pseudonym "T.C."

While not applicable to extradition proceedings, Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. § 5031 *et seq.*, on which T.C. relies, *see* Dkt. 20 at 1-2, is consistent with the government's approach. Indeed, even if the FJDA did apply, it "authorizes, but does not mandate, closure of judicial proceedings." *United States v. Three Juveniles*, 61 F.3d 86, 86 (1st Cir. 1995). In *Three Juveniles*, the First Circuit found that "public access to records or proceedings poses no risk of disclosure of the juvenile's picture, as cameras can be banned from

the proceedings and names redacted from documents"—the very steps the parties and the Court have undertaken here to protect T.C.'s identity from disclosure.

Notwithstanding the foregoing, to the extent there are specific documents or matters "universally assumed to be private, not public," such as confidential medical information, *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013), the Court and the parties can address them on a case-by-case basis, consistent with Local Rule 7.2.

To the extent the Court grants T.C.'s motion, the United States Attorney moves, pursuant to General Order 06-05, that the United States Attorney be provided copies of all sealed documents that the United States Attorney has filed in the above-styled matter and that he be permitted to provide copies of the same, and updates on courtroom proceedings, to the Department of Justice's Office of International Affairs, the Department of State, and their respective counterparts in the Republic of Türkiye.

                                          Respectfully submitted,

                                          JOSHUA S. LEVY
                                          Acting United States Attorney

                          By:    */s/ Kristen A. Kearney*
                                  KRISTEN A. KEARNEY
                                  Assistant U.S. Attorney

Date: June 18, 2024

### CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ Kristen A. Kearney*
                                          KRISTEN A. KEARNEY
                                          Assistant U.S. Attorney