IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | No. 24-mj-01365-DLC |
| T.C. | ) | |

## SECOND AFFIDAVIT IN SUPPORT OF MOTION FOR RELEASE FROM DETENTION WITH CONDITIONS PENDING EXTRADITION PROCEEDINGS

I, Victoria Kelleher, do hereby state the following is true based on my knowledge and belief:

1. I am counsel for the juvenile T.C.

2. Subsequent to T.C.'s detention hearing on June 20, 2024, I discovered additional significant violations of T.C.'s civil rights and privacy rights that constitute "special circumstances" faced by T.C. as a result of his continued detention at Manson Youth Institute ("Manson").

3. On June 20, 2024, I discovered that the Turkish media had unlawfully obtained and widely circulated online a booking photo taken by Manson correction staff of T.C. in his prison garb, along with a screenshot of the computer entry showing the time of booking and personally identifying information. These screenshots appear to be from the same source as they each have the same horizontal scrollbars along the sides of the photos. See Exhibits A & B, filed under seal by agreement of the parties.

4. Additionally, I discovered the Connecticut Department of Correction, which oversees Manson, unlawfully included T.C.'s identifying information on their publicly available "Inmate Information" prisoner locator website including his name, date of birth, "inmate number", and current location. See Exhibit C, filed under seal by agreement of the parties.

5. Conn.Gen.St. c. 815t § 46b-124 makes it unlawful to disseminate, without a court order, "records of cases of juvenile matters" including, but not limited to, records regarding juveniles maintained by an organization or agency that has contracted with the Judicial Branch to provide services to juveniles and records of law enforcement agencies. While there are exceptions to the rule, none appear applicable in this case. Massachusetts similarly prohibits dissemination of records related to detained juveniles in the Department of Youth Services. *See*, 109 C.M.R. 304. To the best of counsel's knowledge, almost all states have laws that protect the privacy of children in their custody.

6. Manson was most certainly the creator and original custodian of T.C.'s booking photograph, along with the related computer entry screenshot of the time of booking

and personal identifiers. As such, Manson was responsible for maintaining the confidentiality of his records and is responsible for the unlawful dissemination of his records to the press and the public more generally.

7. On June 21, 2024, T.C. reported that he had been questioned by a Manson corrections officer about the facts relating to the crime that he allegedly committed and asked whether or not he actually committed the crime. Such interrogation of a represented juvenile outside of the presence of his lawyer, and without the consent of his parent or guardian, is a violation of T.C.'s constitutional right to due process, right to counsel, and right against self-incrimination.

8. T.C. has not had the ability to telephone or video call his family in Turkey, including his father, since his arrival at Manson on June 14, 2024. This is despite requests and inquiries both by T.C and counsel. Moreover, I was told by a Manson corrections officer on June 16, 2024 that other juveniles in the facility make frequent overseas phone calls to family.

9. T.C. has not had a pillow since his arrival at Manson on June 14, 2024. Rather, he was told he had to purchase a pillow through the canteen. In my 27 years in criminal defense practice, I have never heard of either an adult or juvenile detention facility requiring the detainee to purchase a pillow.

10. Since release of T.C.'s booking photo in which he is wearing prison garb, the Turkish media has copied the photo into numerous news stories regarding T.C.. See Exhibit D, filed under seal by agreement of the parties. Such a violation is not only unlawful under state law, but also a violation of international standards under the United Nations Rules for the Protection of Juveniles Deprived of their Liberty (A)(19), which states in pertinent part: All reports, including legal records … should be placed in a confidential individual file, which should be kept up to date, accessible only to authorized persons and classified in such a way as to be easily understood.

11. Based on the continued violations of T.C.'s civil rights and his right to confidentiality, Manson continues to prove it is an inadequate and unsuitable place to detain children, and especially T.C., despite whatever spotlight it's under due to its lengthy and significant history of violating the civil rights of children in its care.

Signed under the pains and penalties of perjury

/s/ Victoria Kelleher

Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street
Suite 500
Boston MA 02109
978-744-4126

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on all counsel of record this day, June 20, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

/s/ Victoria Kelleher

Victoria Kelleher