UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN THE MATTER OF ) <br> THE EXTRADITION OF T.C. ) <br> )    No. 24-mj-01365-DLC <br> ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO DKT. 28

    T.C., by and through undersigned counsel, hereby respectfully replies to the Government's response to his letter concerning securing his appearance with foreign property, Dkt. 38.

    To the extent the Government is concerned that a foreign property is insufficient to secure T.C.'s release, this Honorable Court can require a cash bond in lieu of a mortgage on foreign property or if the Court believes more is required, a personal bond executed by the father and secured by his residence. *Neither T.C. nor his father ever proposed that the offer of foreign property would be the only condition of release.* The defendant's father made clear through counsel that he would attempt to meet any condition the Court believed would be required to assure his juvenile son's appearance and full compliance with conditions of release. Specifically, the defendant's father – who believed that his son was going to a hospital not the airport, *see* statement of Turkish prosecutor at Dkt. 37-1 at 18, has authorized counsel to offer: (1) a $200,000 USD cash bond to be deposited with the court, which will come from T.C.'s father's borrowing funds from family and friends or, if more is required, (2) the $2 million bond executed by the father and secured by the father's home in Turkey. Turkish counsel has represented that the property is worth over $2 million, is free and clear of any encumbrances, and is not subject to any asset seizure order levied against T.C.'s father (a formal appraisal and results from a land registry search could be provided ahead of any lien or mortgage). Again, the defense believes that a $200,000 cash bond is

1

sufficient to assure the appearance of 16-year-old T.C. and would expedite his release, but the Turkish property is available to secure a larger bond if this Court deems it necessary. It should be noted that even if there are difficulties in forfeiting foreign real estate, given the close working relationship of the Turkish and U.S. governments, it is the reasonable belief of T.C.'s father that any failure of his son to conform to the condition of release that his home will be subject to forfeiture.

A lesser cash bond secured the release of the defendant in *Pennings* and *Knox* (who was not required to post any cash) – two defendants who were charged with fraudulently obtaining millions of dollars – in contrast to a juvenile who independently has no resources, whose offense was not one alleged to be committed with criminal intent, and who is presently housed in an utterly inappropriate location, which is essentially a maximum security adult prison run by the CT Department of Corrections, that has failed, *e.g.* to keep his identity and his "mug shot" confidential, to facilitate calls with his family, to house him apart from older inmates or inmates who have been convicted or are facing charges of violent U.S. offenses. *See* Dkt. 26, 27, and 40. Moreover, the terms of bail that resulted in the release of Pennings did not result from his cooperation with the Government. Indeed, Pennings was released in August of 2016, *United States v. Pennings,* Dkt. 16-cr-10094-LTS, Dkt. 53 (D. Mass), at a time he was challenging the charges pending against him, *see id.* at Dkt. 142 (May 2017 motion to dismiss), rather than cooperating – a decision that came long after foreign property was accepted as part of his conditions of release. *Compare id.* at Dkt. 162.

Finally, the monetary conditions proposed by T.C. are not the only conditions of release designed to mitigate concerns of flight. *See* Dkt. 22 at 7. T.C., if released, will stay with his relatives in Massachusetts under their supervision and care and will be subject to whatever

2

conditions this Honorable Court believes are appropriate including a curfew or even house arrest (although counsel would urge the court to allow the juvenile to work or go to school), surrender of any travel documents which are currently in the possession of his counsel, and any other condition that the Court believed would, in the aggregate, assure his appearance. Surely, these conditions (in addition to any other conditions the Government proposes or this Honorable Court orders) would be sufficient to ensure the appearance of a sixteen-year-old, who has never before been arrested or charged with a crime, who will have no travel documents, who will be with a functional guardian ad litem who will be responsible to the Court, who can be trusted not to destroy his life by making the same mistake twice, who was not the decision-maker in terms of his response to the accident that is the subject of the extradition request, and who as of today has already spent 12 days in a facility that is paradigmatically ill-suited to detain a presumed innocent juvenile.

Respectfully Submitted,

T.C.,
By His Attorney,

**/s/ Martin G Weinberg**
Martin G Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227 3700
owlmgw@att.net

Dated: June 26, 2024

3

## **CERTIFICATE OF SERVICE**

I, Martin G. Wienberg, hereby certify that on this date, June 26, 2024, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

.

                                          **/s/ Martin G Weinberg**
                                          Martin G Weinberg, Esq.