IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF ) | | |
| THE EXTRADITION OF ) | | No. 24-mj-01365-DLC |
| T.C. ) | | |

### FOURTH AFFIDAVIT IN SUPPORT OF MOTION FOR RELEASE FROM DETENTION WITH CONDITIONS PENDING EXTRADITION PROCEEDINGS

I, Victoria Kelleher, do hereby state the following is true based on my knowledge and belief:

1. I am counsel for the juvenile T.C., who today turned 16 years old.

2. On June 27, 2024, I discovered additional significant violations of T.C's privacy rights that constitute "special circumstances" faced by T.C. as a result of his detention at Connecticut's Manson Youth Institute ("Manson"), a facility with which the U.S. Marshals contracted for the care and custody of juveniles in Massachusetts U.S. District Court.

3. Specifically, I learned that the Boston Police Department, presumably by agreement with United States Marshals, released Boston Police Department ("BPD") body camera footage of T.C.'s arrest and body pat search pursuant a Freedom of Information Act ("FOIA") request by the Turkish press. The released footage has an electronic block over T.C.'s face, however, his identity is still plain based on the circumstances, the audio, and the portions of his head and body that remain visible throughout the video.

4. In addition to revealing T.C.'s identity, the video footage also depicts 15 year- old T.C. being pat searched by a police officer who tells T.C. to open his legs then pats the length of T.C's legs and his buttocks area (over his clothes). While counsel does not view the pat search itself as unlawful, release of this video to the Turkish press, and therefore the public, is unlawful as an extreme invasion of T.C.'s privacy as a juvenile.

5. Massachusetts prohibits dissemination of records of court involved juveniles without a court order. See, Juvenile Court Standing Order 1-84. See also, *Police Commissioner of Boston v. Municipal Court of the Dorchester District & another*, 374 Mass. 640 (1978)(legislature intended for juveniles to have broad privacy rights.) Federal law similarly prohibits dissemination of records involving juveniles in delinquency proceedings. See, 18 U.S.C. § 5038. The same statute requires the Court to inform in writing any juvenile over which it has jurisdiction of his rights relating to his juvenile record. 18 U.S. Code § 5038(b).

6. Since release of the Boston Police body camera footage to the Turkish press, T.C.'s arrest and body search has been plastered over YouTube and various Turkish news channels. See Exhibit A, filed under seal by agreement.

7. Defense counsel first became aware of the video footage through T.C.'s father, who was exposed to the video images of his son in the Turkish press. The government subsequently alerted defense counsel to the fact that BPD had released the footage to the Turkish press in response to a FOIA request. After inquiry, there has been no response as to whether the U.S. Marshals' Office was alerted to the FOIA request for the BPD body camera footage prior to its release to the press.

8. Based on the continued violations of T.C.'s civil rights and his right to confidentiality, the government has demonstrated its inability to provide him with suitable detention and to protect his privacy rights.

    Signed under the pains and penalties of perjury

    /s/ Victoria Kelleher

    Victoria Kelleher
    Kelleher & Maceo, P.C.
    BBO #637908
    53 State Street
    Suite 500
    Boston MA 02109
    978-744-4126

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on all counsel of record this day, June 28, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

    /s/ Victoria Kelleher

    Victoria Kelleher