IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF                )<br>THE EXTRADITION OF T.C.        )           No. 24-mj-01365-DLC<br>                                 ) | |

**GOVERNMENT'S RESPONSE TO DKT. 50**

The United States of America respectfully responds to issues raised in the Fourth Affidavit in Support of Motion for Release from Detention with Conditions (Dkt. 50).[1] Notably, the release of the footage in question is unconnected to T.C.'s detention at Manson Youth Institution.

On June 27, 2024, the government learned that the Boston Police Department ("BPD") had released footage from a body camera worn by a Boston police officer who had transported T.C. from the site of his arrest in Boston to the John Joseph Moakley United States Courthouse. Neither the U.S. Attorney's Office nor the U.S. Marshals Service was consulted prior to the release of the video. After the video's release, the government learned that the BPD Media Relations office had released the video pursuant to a written public records request from Turkish media. Before releasing the video, BPD redacted T.C.'s face, as well as the faces of others present who were not BPD officers.

Counsel for T.C. relies on a standing order from the Massachusetts Juvenile Court governing Juvenile Court case records, as well as the Federal Juvenile Delinquency Act which governs federal criminal proceedings against juveniles, neither of which are applicable to an extradition proceeding in federal court. Rather, the Massachusetts Public Records law, M.G.L. c. 66, § 10, applies to the request to BPD here. Under that law, Massachusetts

---

[1] The Affidavit incorrectly states that T.C. just turned 16; in fact, he is now 17 years old.

governmental entities, such as the BPD, "shall at reasonable times and without unreasonable delay permit inspection or furnish a copy of any public record . . . *or any segregable portion of a public record*, not later than 10 business days following the receipt of the request" subject to receiving a request that reasonably describes the record sought and a reasonable fee, and provided the record is in the agency's possession, custody, or control and is not exempted.  *Id.* (emphasis added).  Massachusetts law defines "public records" broadly, and footage from police body worn cameras generally falls within that definition.  M.G.L. c. 4 § 7(26).  Further, when a public record contains both nonexempt and exempted information, agencies are required to segregate and redact the exempted information while producing the remainder of the record. *Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester*, 58 Mass. App. Ct. 1, 4 (2003) ("'To the extent that only a portion of a public record may fall within an exemption to disclosure, the nonexempt 'segregable portion' of the record is subject to public access.'") (quoting *Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester*, 436 Mass. 378 (2002)).  That is exactly what BPD did here—it produced the footage from the officer's body worn camera, which is a presumptively public record, while segregating and redacting potentially exempted information—T.C.'s identity.  This is similar to the approach the Court has taken in allowing motions to redact T.C.'s name and likeness from filings, while ruling that court proceedings are public.

      Because the Boston Police Department's release of police body worn camera footage is unrelated to T.C.'s detention, it does not amount to special circumstances.  Nor has T.C. satisfied his burden to show he is not a risk of flight.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant U.S. Attorney

Date:  June 30, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant U.S. Attorney