UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF ) | No. 24-mj-01365-DLC |
| T.C. ) | |

**MOTION TO DISMISS COMPLAINT FOR FAILURE TO
SATISFY ARTICLE 1 AND 7 OF THE US-TURKEY EXTRADITION TREATY**

Now comes the Juvenile T.C., by and through undersigned counsel, and hereby moves this Honorable Court to dismiss the complaint in this case based on the Turkish government's failure to satisfy Article 1 and 7 of the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of American and the Republic of Turkey (hereinafter "Treaty").

The Treaty solely permits extradition of individuals that "are being prosecuted for or have been charged with an offense …." Article 1(1) and Article 7(1) (requiring the extradition request to be related to "a person being prosecuted or who is charged with an offense…").  There is no provision that permits extradition based solely on allegations or investigatory need or because the person for whom extradition was being sought was a subject or target of an ongoing criminal investigation.  The Turkish version of the Treaty specifically refers to "Kovusturma" which, based upon representations by Turkish counsel, is the process after an indictment is filed and accepted by the Turkish court. The investigatory stage, "Sorusturma", is not referenced in the Treaty or a basis for extradition. Thus, the Treaty contemplates extradition of individuals that have been charged ("Kovusturma") rather than those that are wanted by investigators in relation to a pending investigation ("Sorusturma"). *See e.g., United States v. Peterka*, 307 F.Supp.2d 1344, 1349 (M.D.Fla.2003) ("to extradite the Defendant, the requesting party must prove ... criminal charges pending in another state").

Here, the Turkish government has not issued an indictment or a formal charge against T.C..[1] Indeed, despite representations by the Turkish government that T.C. is "wanted for prosecution on a charge of Causing Reckless Killing and Injury," no copy of the indictment or formal "charge" has been produced because there appear to be no charges or indictment pending in Turkey. Complaint at Dkt. 5-1; *see also* Arrest Warrant, Exhibit 1 to Complaint at 151 (listing "Offence Charged Against the Accused: Causing Reckless Killing and Injury"). Likewise, the submissions by the Turkish government to the United States omitted that T.C., is a United States born citizen, *see* Exhibit 1 to Complaint at 95 (listing T.C.'s nationality as solely "Republic of Turkiye"), which precluded the government assessing whether it could or should exercise its right under Article 4 of the Treaty not to seek the arrest and extradition of a sixteen-year-old juvenile who has now, as a result, been incarcerated for nearly two months. *See* Article 4 of the Treaty ("Neither of the Contracting Parties shall be bound to extradite its own nationals. The competent executive authority of the United States, however, shall have the power to grant the extradition of its own nationals, if, in its discretion, this is deemed proper to do.").[2]

It is "the government [that] bears the burden of demonstrating extraditability", including pending criminal charges in the requesting state. *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1037 (C.D. Cal. 2006). The Turkish government's failure to formally indict T.C. means that its extradition request does not satisfy the requirements of Article 1 and 7 of the Treaty. Given the repeated representations in the extradition request and arrest warrant that there are pending charges, the basis for the government's request to arrest and detain T.C. have seemingly been based

---

[1] This is despite requests by his Turkish counsel to expedite such filings so that T.C. is granted procedural safeguards that are not currently available to him
[2] Based on assessments by Turkish counsel, had the roles been reversed – the United States seeking extradition of a juvenile citizen of Turkey – the Turkish government would not likely authorize arrest and extradition to the United States.

on a flawed foundation. *See e.g.*, Detention Request at Dkt. 7 at 7 and 19 (agreeing that "Article 1 of the U.S.-Turkey Treaty provides for the extradition of fugitives who have been **charged** with or convicted of an extraditable offense" and arguing that "the serious nature of the manslaughter offense with which T.C. is **charged** provides him with a strong incentive to flee.") (emphasis supplied). The complaint must therefore be immediately dismissed and T.C. released from custody.

Courts regularly dismiss extradition complaints where the requesting state fails to formally indict or charge. *See In re Extradition of Chapman*, No. CIV07-00365SOM/BMK, 2007 WL 3254880, at *3 (D. Haw. Nov. 5, 2007) (dismissing extradition request from Mexico following a dismissal of charges by Mexican court). In nearly analogous circumstances, the First Circuit refused extradition to the Dominican Republic where the government failed to produce evidence that the requesting state had an indictment or charge, and in fact none existed. *See Aguasvivas v. Pompeo*, 984 F.3d 1047, 1057 (1st Cir. 2021) ("The bigger problem arises from the omission in the extradition request of any indictment or the like. To be more precise, such a document was not simply omitted -- it does not exist at all, as the parties agree that the Dominican prosecutor has yet to seek an indictment"). The court found that the lack of a formal charge precluded the extradition under the plain language of the treaty. *Id.* at 1063.

Like in *Chapman* and *Aguasvivas*, the Treaty here requires a formal indictment or charge prior to extradition. The nonexistence of which is fatal to the current extradition request and complaint.

For the foregoing reasons, the defense respectfully requests this Honorable Court to dismiss the complaint and immediately release T.C. from custody.

> Respectfully Submitted,
>
> T.C., a Juvenile
> By his attorneys,

        */s/ Martin G. Weinberg*
        Martin G. Weinberg, Esq.
        BBO #519480
        20 Park Plaza
        Suite 1000
        Boston, MA 02116
        (617) 227-3700

        */s/ Victoria Kelleher*
        Victoria Kelleher
        Kelleher & Maceo, P.C.
        BBO #637908
        53 State Street
        Suite 500
        Boston MA 02109
        978-744-4126

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of this document was served on all counsel of record this day, July 29, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, Esq.