IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF              ) | |
| THE EXTRADITION OF           )  | No. 24-mj-01365-DLC |
| T.C.                                        ) | |

MOTION SEEKING AN ORDER ON JUVENILE'S MOTION TO RECONSIDER
AND REQUEST FOR AN EXPEDITED HEARING
ON THE JUVENILE'S MOTION TO DISMISS

Now comes T.C., a Juvenile before the Court on a pending extradition request, who respectfully requests this Honorable Court issue an order relative to his Emergency Motion to Reconsider the Court's Order of Detention. He further requests that the Court enter an Order for an expedited schedule for a hearing on his Motion to Dismiss.

On July 19, 2024, counsel for the juvenile filed his Emergency Motion to Reconsider Detention at Newark N.J. on the following bases: (1) T.C. was the victim of a violent unprovoked assault by three other juveniles, and (2) Manson Juvenile Institute refused to take back custody of T.C. in retaliation for T.C.'s legal filings, despite that this Court had given T.C. the option of returning to Manson.

On July 23, 2024, the government responded to T.C.'s Motion to Reconsider Detention, and on July 24, 2024, T.C.'s counsel filed a reply with the permission of the Court.

On July 27, 2024, T.C. filed a motion to dismiss based on Turkey's failure to obtain a complaint or indictment (or its equivalent) against T.C. as required by the Extradition Treaty, such that the warrant for T.C. should never have issued.

On July 30, 2024, the Court issued an Order extending the government's deadline to respond to coincide with the current filing deadlines on the extradition proceedings. As

a result of this Order, it appears the Court expects a hearing on the Motion to Dismiss to coincide with the currently scheduled hearing on extradition in October.

All three of T.C.'s filings provide substantive arguments that rebut the presumption of detention in extradition requests and provide special circumstances supporting T.C.'s immediate release.

Should the Court find that the Turkish government failed to satisfy its obligations pursuant to the treaty and that the juvenile's motion to dismiss should be allowed, T.C. will have been detained unlawfully from the time of his arrest on June 14, 2024 until the time of his hearing, presently scheduled for October 15, 2024. For this reason, the juvenile T.C. moves for an expedited schedule for filing and hearing on his Motion to Dismiss.

Given the course of events faced by T.C. over the last month and his present isolation in Newark Detention Center, counsel for T.C. remain concerned about the ongoing threat to T.C.'s physical and mental health and so renew their request that T.C. either be released with conditions or to be transferred to Massachusetts DYS. Should the Court decline to issue such an order, counsel for T.C. respectfully request the Court nevertheless issue an order so that T.C. may pursue additional legal remedies, including pursuant to 28 U.S.C. § 2241.

    Respectfully Submitted,

    T.C., a Juvenile
    By his attorneys,

    /s/ Victoria Kelleher

    Victoria Kelleher
    Kelleher & Maceo, P.C.
    BBO #637908
    53 State Street
    Suite 500
    Boston MA 02109
    978-744-4126


    /s/ Martin G. Weinberg
    Martin G. Weinberg, Esq.
    BBO #519480
    20 Park Plaza
    Suite 1000
    Boston, MA 02116
    (617) 227-3700

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of this document was served on all counsel of record this day, August 1, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

      <u>/s/ Victoria Kelleher</u>

      Victoria Kelleher