## APPENDIX

- 18 U.S.C. § 1112 provides:
    (a) Manslaughter is the unlawful killing of a human being without malice.  It is of two kinds:
    Voluntary—Upon a sudden quarrel or heat of passion.
    Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution or circumspection, of a lawful act which might produce death.
    (b) Within the special maritime and territorial jurisdiction of the United States,
    Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both;
    Whoever is guilty of involuntary manslaughter, shall be fined under this title or imprisoned not more than 8 years, or both.

- M.G.L. c. 90, § 24G provides in relevant part: "(c) Whoever, upon any way or in any place to which the public has a right of access or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle recklessly so that the lives or safety of the public might be endangered and by any such operation causes the death of another person, shall be guilty of reckless homicide by a motor vehicle and shall be punished by imprisonment in a jail or house of correction for not more than 21/2 years, or by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $3,000 dollars, or by both such fine and imprisonment. For the purpose of this section, a person operates recklessly when that person consciously disregards a substantial and unjustifiable risk that the lives or safety of the public might be endangered."

- M.G.L. c. 265, § 13 provides in relevant part: "Whoever commits manslaughter shall, except as hereinafter provided, be punished by imprisonment in the state prison for not more than twenty years or by a fine of not more than one thousand dollars and imprisonment in jail or a house of correction for not more than two and one half years."

- M.G.L. c. 265, § 13A provides in relevant part: "(b) Whoever commits an assault or an assault and battery: (i) upon another and by such assault and battery causes serious bodily injury . . . shall be punished by imprisonment in the state prison for not more than 5 years or in the house of correction for not more than 21/2 years, or by a fine of not more than $5,000, or by both such fine and imprisonment.  (c) For the purposes of this section, "serious bodily injury" shall mean bodily injury that results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death."

- M.G.L. c. 265, § 15A provides in relevant part: "(c) Whoever: (i) by means of a dangerous weapon, commits an assault and battery upon another and by such assault and battery causes serious bodily injury . . . shall be punished by imprisonment in the state prison for not more than 15 years or in the house of correction for not more than 21/2 years, or by a fine of not more than $10,000, or by both such fine and imprisonment.  (d) For the purposes of this section, "serious bodily injury" shall mean bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death."

- 18 U.S.C. § 5032 provides in relevant part:

    A juvenile alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) or section 924(b), (g), or (h) of this title, and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

    If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State. For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

    If an alleged juvenile delinquent is not surrendered to the authorities of a State pursuant to this section, any proceedings against him shall be in an appropriate district court of the United States. For such purposes, the court may be convened at any time and place within the district, in chambers or otherwise. The Attorney General shall proceed by information or as authorized under section 3401(g) of this title, and no criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below.

    A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult . . . .

- 18 U.S.C. § 5037 provides in relevant part: "(a) If the court finds a juvenile to be a juvenile delinquent, the court shall hold a disposition hearing concerning the appropriate disposition no later than twenty court days after the juvenile delinquency hearing unless the court has ordered further study pursuant to subsection (d). After the disposition hearing, and after considering any pertinent policy statements promulgated by the Sentencing Commission pursuant to 28 U.S.C. 994, the court may suspend the findings of juvenile delinquency, place him on probation, or commit him to official detention which may include a term of juvenile delinquent supervision to follow detention. In addition, the court may enter an order of restitution pursuant to section 3556 . . . . (c) The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend—(1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of—(A) the date when the juvenile becomes twenty-one years old; (B) the maximum of the guideline range, pursuant to section 994 of title 28, applicable to an otherwise similarly situated adult defendant unless the court finds an aggravating factor to warrant an upward departure from the otherwise applicable guideline range; or (C) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult . . . ."

- M.G.L. c. 119, § 52 provides in relevant part: "The following words as used in the following sections shall, except as otherwise specifically provided, have the following meanings: . . . "Youthful offender", a person who is subject to an adult or juvenile sentence for having committed, while between the ages of fourteen and 18, an offense against a law of the commonwealth which, if he were an adult, would be punishable by imprisonment in the state prison, and . . . (b) has committed an offense which involves the infliction or threat of serious bodily harm in violation of law . . . ; provided that, nothing in this clause shall allow for less than the imposition of the mandatory commitment periods provided in section fifty-eight of chapter one hundred and nineteen."

- M.G.L. c. 119, § 58 provides in relevant part:
  If a child is adjudicated a youthful offender on an indictment, the court may sentence him to such punishment as is provided by law for the offense. The court shall make a written finding, stating its reasons therefor, that the present and long-term public safety would be best protected by:
   (a) a sentence provided by law; or
   (b) a combination sentence which shall be a commitment to the department of youth services until he reaches the age of twenty-one, and an adult sentence to a house of correction or to the state prison as is provided by law for the offense. The adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to the department of youth services. Any juvenile receiving a combination sentence shall be under the sole custody and control of the department of youth services unless or until discharged by the department or until the age of twenty-one, whichever occurs first, and thereafter under the supervision of the juvenile court probation department until the age of twenty-one and thereafter by the adult probation department; provided, however, that in no event shall the aggregate sentence imposed on the combination sentence exceed the maximum adult sentence provided by law; or
   (c) a commitment to the department of youth services until he reaches the age of twenty-one.
  In making such determination the court shall conduct a sentencing recommendation hearing to determine the sentence by which the present and long-term public safety would be best protected. At such hearing, the court shall consider, but not be limited to, the following factors: the nature, circumstances and seriousness of the offense; victim impact statement; a report by a probation officer concerning the history of the youthful offender; the youthful offender's court and delinquency records; the success or lack of success of any past treatment or delinquency dispositions regarding the youthful offender; the nature of services available through the juvenile justice system; the youthful offender's age and maturity; and the likelihood of avoiding future criminal conduct. In addition, the court may consider any other factors it deems relevant to disposition. No such sentence shall be imposed until a pre-sentence investigation report has been filed by the probation department and made available to the parties no less than seven days prior to sentencing.
   A youthful offender who is sentenced as is provided by law either to a state prison or to a house of correction but who has not yet reached his eighteenth birthday shall be held in a

youthful offender unit separate from the general population of adult prisoners; provided, however, that such youthful offender shall be classified at a facility other than the reception and diagnostic center at the Massachusetts Correctional Institution, Concord, and shall not be held at the Massachusetts Correctional Institution, Cedar Junction, prior to his eighteenth birthday."