UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF T.C. ) | |
| ) | No.  24-mj-01365-DLC |
| ) | |
| ) | Leave to file granted Sept. 6, 2024, Dkt. 136 |

**REPLY TO GOVERNMENT'S RESPONSE TO COURT ORDER (DKT. 132)**

 T.C., by and through undersigned counsel, hereby respectfully replies to the Government's response, Dkt. 132, to this Honorable Court's August 30, 2024 Sealed Order, Dkt. 126.

 Despite this Honorable Court's order directing the parties to address T.C.'s daytime conditions of confinement, Warden Barcliff's affidavit is conspicuously lacking in detail. He merely notes that T.C. is required to remain in his cell between 2:00 pm and 3:15 pm, which does not accurately reflect the reality of T.C.'s situation.[1] The affidavit fails to address T.C.'s continued confinement in his cell both before 2:00 pm and after 3:15 pm. Regarding education, Warden Barcliff fails to explain why T.C. has only attended school twice in the past seven weeks of detention. Even considering a three-week recess from August 16 to September 5, the affidavit offers no explanation for why T.C. was only taken to school twice between his admission on July 20 and the start of the August 16 recess. Additionally, while the Warden notes that "at times, Essex JDC operates outside of normal operations…[where] residents may be confined to their cells for their safety," which may be justifiable in case of a genuine facility emergency, T.C. has, in fact, been confined to his cell for 23.75 hours per day for four of the past seven days. This prolonged

---

[1] Previously, Warden Barcliff told the government that T.C. was kept in his cell between 1:00 pm and 2:00pm. Dkt. 115 at 2.

1

confinement indicates that such restrictive conditions have become the norm rather than the exception at Essex JDC.

      Finally, taking the opportunity to litigate whether the above conditions of confinement constitute "special circumstances", the government relies on irrelevant cases. The relator in *In re Extradition of Garcia*, 615 F. Supp. 2d 162 (S.D.N.Y. 2009) was an adult charged with receiving illegal "kickbacks" "in excess of 300 million pesos (approximately 6 million dollars) from government contractors and others." *Id.* at 166. In *Matter of Extradition of Manrique*, 442 F. Supp. 3d 1172 (N.D. Cal. 2020), the relator was the former President of Peru, charged with "accepting bribes from Brazilian mining company Odebrecht during his presidential tenure." *Id.* at 1174. His conditions of confinement, which included "constant access to a day room connected to his cell" and "unlimited access to a telephone, which Toledo uses frequently to call people all over the world" did not constitute "special circumstances". Yet, even in *Manrique* the court noted that "prolonged isolation from other inmates can seriously harm a person's mental health" and that "special circumstances" could exist "if Toledo is forced to choose between severe harm to his physical health (caused by exposure to other inmates who might hurt him) and severe harm to his mental health (caused by isolation from all inmates for his own protection)… because 'a serious deterioration of health while incarcerated' can justify bail during extradition proceedings" *Id.* at 1177 (*quoting Salerno v. United States,* 878 F.2d 317, 317 (9th Cir. 1989). In contrast to the relators above, T.C. is a juvenile who committed no intentional criminal act. His conditions of confinement have and will continue to cause mental harm as detailed in Dr. Atkin's report to this Honorable Court. T.C. should not be forced to choose between severe harm to his physical health and severe harm to his mental health. His continued detention at Essex is thus harmful, unconstitutional, and requires a court ordered transfer to Mass DYS or release on bail.

Respectfully Submitted,

T.C., a Juvenile
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
BBO #519480
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700

**/s/ Victoria Kelleher**
Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street
Suite 500
Boston MA 02109
978-744-4126

## **CERTIFICATE OF SERVICE**

I, Martin G. Wienberg, hereby certify that on this date, September 6, 2024, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.