IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF ) | No. 24-mj-01365-DLC |
| T.C. ) | |

**GOVERNMENT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF EXTRADITION**

The United States respectfully submits this memorandum of law in further support of its request that this Court certify to the Secretary of State that T.C. is extraditable to the Republic of Türkiye ("Türkiye") to stand trial on the offense for which Türkiye seeks his extradition.

Notably, T.C. does not contest many of the government's arguments in support of certification of extradition, including that this Court has personal and subject matter jurisdiction to hear this case, that an extradition treaty between the United States and Türkiye is in full force and effect, and that the crime for which his extradition is sought is covered by that treaty. Indeed, he raises only one issue in opposition to extradition: whether the extradition request fails to present sufficient evidence of probable cause because, according to him, crashing his mother's Porsche into the victims while driving more than 85 miles per hour above the speed limit was not the proximate cause of O.M.A.'s death. Dkt. 142 at 3-5. T.C. is incorrect for several reasons.

*First*, T.C. presumes without citation that "proximate cause" is an element of an offense under Article 85 of the Turkish Criminal Code. *Id.* at 3. Article 85 provides:

> (1) Any person who causes the death of another by reckless conduct shall be sentenced to a penalty of imprisonment for a term of two to six years.
>
> (2) If the act results in the death of more than one person, or the injury of one or more persons together with the death of one or more persons, the offender shall be sentenced to a penalty of imprisonment for a term of two to fifteen years.

Dkt. 70-3 at 3. That Türkiye requested T.C.'s extradition for this offense demonstrates that Türkiye believes the elements of the offense have been satisfied, including whatever causation element is

required under Turkish law. The Court should not accept counsel's speculation about the legal standard. *Matter of Extradition of Taylor*, 484 F. Supp. 3d 13, 18 (D. Mass. 2020) (Cabell, M.J.) ("'Extradition proceedings are not vehicles for United States federal courts to interpret and opine on foreign law,' and American extradition courts therefore have consistently cautioned against doing so….") (quoting *Noeller v. Wojdylo*, 922 F.3d 797, 805 (7th Cir. 2019)); *see also Basic v. Steck*, 819 F.3d 897, 901 (6th Cir. 2016) (refusing to "second-guess" Bosnian government's determination of what constitutes an arrest warrant); *In re Extradition of Nezirovic*, No. 7:12-mc-39, 2013 WL 5202420, at *15 (W.D. Va. Sept. 16, 2013) ("It would be a grave insult for this court to presume to tell the Government of Bosnia and Herzegovina what is or is not legitimate under Bosnian law.").

*Second*, in arguing that an alleged proximate cause element has not been satisfied, T.C. appears to be both applying a more strenuous standard than probable cause and ignoring the record. Dkt. 142 at 4. The record here establishes that, late on the night of March 1, 2024, T.C. was driving approximately 105 to 111 miles per hour (more than 85 miles per hour above the speed limit), on a dark and winding road. *E.g.*, Dkt. 70-3 at 4-7, 21, 37. After taking a turn too fast, T.C. crashed into five individuals who had stopped on the side of the road. *Id.* As a result, two were lying on the side of the road, two (including O.M.A.) had been knocked down a cliff, and one was under T.C.'s car. *Id.* at 5, 7, 13, 16, 39, 41, 43, 45. "Due to the accident, [O.M.A.] died and other individuals were injured." *Id.* at 4. Specifically:

> Following the examination, conducted by the Public Prosecutor and expert doctor on the body of the deceased [O.M.A.] on [March 2, 2024], it was detected that there were intense blood tissue and fractured bone tissue in his left foot. Intense bleeding from his nose area was detected. Scratches and ecchymosis, arising from the impact, were detected on his left hip, left shoulder and right rib. According to the report, there is no finding regarding an injury on the body from a firearm or a sharp or pointy object. Following the post-mortem examination, it was reached to the conclusion that the individual died due to the internal bleeding arising from the

2

> impact he had due to the accident. A decision for autopsy was rendered to determine the certain cause of death and a detailed expert report is expected.

*Id.* In other words, O.M.A. did not suffer, as T.C. claims, Dkt. 142 at 5, a "treatable leg injury." He was violently thrown off a cliff by the impact of being hit by a car speeding 105 to 111 miles per hour and suffered massive internal injuries that resulted in his death.[1] This evidence is more than sufficient to show reasonable ground that T.C. is guilty of violating Article 85, all that is needed to satisfy probable cause. *Kastnerova v. United States*, 365 F.3d 980, 987 (11th Cir. 2004) (citation omitted). Indeed, the case law cited in T.C.'s own brief does not support his proximate cause argument. *See People v. McGee*, 187 P.2d 706, 714-15 (Cal. 1947) (holding it was not error for trial court to disallow testimony of proposed defense medical expert regarding treating surgeon's alleged malpractice in not treating gunshot victim for more than 10 hours because, while victim's "life might have been saved by prompt and proper surgical treatment . . . . defendant cannot complain because no force intervened to save him from the natural consequence of his criminal act"); *see also id.* at 713-14 ("When a person inflicts a wound on another which is dangerous, or calculated to destroy life, the fact that the negligence, mistake, or lack of skill of an attending physician or surgeon contributes to the death affords no defense to a charge of homicide.") (quotation omitted).

*Third*, T.C.'s claim that O.M.A. died because first responders did not take him to a closer facility and purportedly delayed his treatment by more than an hour, Dkt. 142 at 5, amounts to an affirmative defense that falls outside the scope of an extradition court's review and is instead an issue reserved for the Turkish courts. *See*, *e.g.*, *In re Extradition of Martinelli Berrocal*, No. 17-

---

[1] That T.A. survived, Dkt. 142 at 5, carries little weight where his injuries were "so grave that it could endanger his life." Dkt. 70-3 at 5.

3

cv-22197, 2017 WL 3776953, at *27 (S.D. Fla. Aug. 31, 2017) (collecting cases); *see also McGee*, 187 P.2d at 712-13 (claim of intervening medical error may be a defense to homicide). Indeed, a Turkish court can evaluate whether these alternate facilities were equipped and available to handle injuries as severe as those O.M.A. suffered (and not, as at least two appear to be, clinics catering to foreign medical tourists), whether O.M.A.'s doctors violated the standard of care, and whether the treatment O.M.A. received contributed to his cause of death in manner that renders T.C. not liable for the charged offense.[2]

## CONCLUSION

For the foregoing reasons as well as those outlined in the government's opening brief, the United States requests that the Court certify to the Secretary of State that T.C. is extraditable to Türkiye on the offense of Causing Reckless Killing and Injury.

                                Respectfully submitted,

                                JOSHUA S. LEVY
                                Acting United States Attorney

                      By:   */s/ Kristen A. Kearney*
                                KRISTEN A. KEARNEY
Date:  September 27, 2024         Assistant U.S. Attorney

---

[2] T.C. also raises Fifth and Eighth Amendment claims regarding his conditions of confinement. Dkt. 142 at 6-7. The government has not addressed those claims here because they are not within the scope of the Court's determination of extraditability. 18 U.S.C. § 3184; *see also, e.g.*, *In re Extradition of Taylor*, 484 F. Supp. 3d 13, 15 (D. Mass. 2020) (citing *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)). However, if briefing on any of these issues would assist the Court's certification decision, the government is prepared to provide a response at the Court's direction.

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                  */s/ Kristen A. Kearney*
                                  KRISTEN A. KEARNEY
                                  Assistant U.S. Attorney