IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | No. 24-mj-01365-DLC |
| T.C. | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
<u>IN SUPPORT OF THE EXTRADITION OF T.C.</u>**

The government respectfully submits the following supplemental brief in further support of the extradition of T.C. Both the plain language of the Treaty[1] and the weight of the case law support the government's position that T.C. is "being prosecuted for or . . . charged with an offense" within the meaning of the Treaty. The government incorporates by reference as if fully set forth herein the discussion of the Treaty and case law from its supplemental memorandum of law in support of Eylem Tok's extradition, Dkt. 152 at 1-5.[2] Further, T.C. has not been able to identify a single case that supports his contrary position. Accordingly, T.C.'s argument that the Treaty has not been satisfied because he has not been indicted or otherwise formally charged fails.

T.C.'s argument that Turkish authorities have had months to institute formal charges does not alter the analysis. As previously addressed, the Treaty does not require formal charges.[3]

---

[1] Treaty on Extradition and Mutual Assistance in Criminal Matters Between the United States of America and the Republic of Turkey, U.S.-Turk., June 7, 1979, 32 U.S.T. 3111.

[2] In her briefing on this issue, Tok suggests that the arrest warrants included in the extradition request "do not in fact seek Tok's arrest." Dkt. 153 at 1-2. To the extent T.C. raises the same argument, it is belied by the language of the documents themselves, which are titled "Arrest Warrant" and discuss what will happen after the individual is "apprehended" and "captured." *E.g.*, Dkt. 70-3 at 59 (Arrest Warrant for T.C.); Dkt. 73-3 at 53, 56 (Arrest Warrants for Tok); *see also* Dkt. 70-3 at 57 ("it has been decided to issue an arrest warrant for the child to detain him through the Article 100 with reference to the Article 248/5 of Criminal Procedure Code No. 5271"); Dkt. 73-3 at 51 (same as to Tok).

[3] To the extent T.C. makes a similar argument, Tok's suggestion that the Treaty requires she be wanted "for prosecution," and thus the absence of a requirement of a formal charging

Additionally, the Turkish prosecutor should not be penalized for wanting to gather all the relevant evidence—including T.C.'s statement—before instituting formal charges. Likewise, T.C. and his mother should not be rewarded for fleeing and thus preventing the prosecutor from obtaining this evidence.

Accordingly, T.C. is extraditable to Türkiye for the offense of Causing Reckless Killing and Injury.

        Respectfully submitted,

        JOSHUA S. LEVY
        Acting United States Attorney

By:   */s/ Kristen A. Kearney*
        KRISTEN A. KEARNEY
        Assistant U.S. Attorney

Date: October 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Kristen A. Kearney*
        KRISTEN A. KEARNEY
        Assistant U.S. Attorney

---

document in the Treaty is immaterial, ignores the plain language of Article 1 of the Treaty that it covers persons "who are being prosecuted for *or have been charged with* an offense." Dkt. 70-1 at 8 (emphasis added); *see also* Merriam-Webster.com, "Charge," *available at* https://www.merriam-webster.com/dictionary/charge (accessed Oct. 22, 2024) ("to make an assertion against especially by ascribing guilt or blame"). Indeed, the absence of a requirement that Türkiye provide a formal charging document in its extradition request, in contrast to the treaties in *Aguasvivas v. Pompeo*, 984 F.3d 1047, 1055 (1st Cir. 2021), and *Vitkus v. Blinken*, 79 F.4th 352, 355 (4th Cir. 2023), demonstrate that the State Department knew how to make a formal charge required but did not do so here. *Cf. Aguasvivas*, 984 F.3d at 1060 ("the State Department demonstrated that it knew how to make the production of a document other than an arrest warrant optional").