UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF ) | No. 24-mj-01365-DLC |
| T.C. ) | |

**T.C.'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO EXTRADITION TO TURKEY**

Now comes Juvenile T.C., by and through undersigned counsel, and hereby respectfully submits this supplemental brief, pursuant to Dkt. 151, in opposition to the pending extradition request from Turkey.

A treaty, like a statute, is interpreted consistent with its "plain meaning" unless doing so would contradict "the intent or expectations of the signatories." *Bhutta v. Comm'r of Internal Revenue*, 145 T.C. 351, 360 (2015); *E. Airlines, Inc. v. Floyd*, 499 U.S. 530, 534 (1991) ("When interpreting a treaty, we begin with the text of the treaty and the context in which the written words are used.") (internal citations and quotations omitted); *see also Aguasvivas v. Pompeo*, 984 F.3d 1047, 1058 (1st Cir. 2021). The purpose of extradition is the "surrender by one nation to another of ***an individual accused or convicted of an offense*** outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and to punish him, demands the surrender." *Terlinden v. Ames*, 184 U.S. 270, 289 (1902) (emphasis added). Extradition cannot be sought for "a possible, yet-to-be-determined prosecution." *Aguasvivas*, 984 F.3d at 1058. This principle is reinforced by extradition-specific rules, including the rule of specialty, which limits prosecutions in the receiving country to those "charged in the proceedings for [] extradition" *United States v. Rauscher*, 119 U.S. 407, 430 (1886).

1

In line with these principles, 18 U.S.C. § 3184 has firmly used the terms "charged" and "charging," which, consistent with their plain meaning, require the existence of criminal charges. *See* CHARGE, Black's Law Dictionary (12th ed. 2024) ("A formal accusation of an offense as a preliminary step to prosecution."). Article 1 of the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of American and the Republic of Turkey (hereinafter "Treaty") is no different. It permits extradition of individuals that are *inter alia* "being prosecuted for or have been charged with an offense …." Article 1(1) and Article 7(1) (requiring the extradition request to be related to "a person being prosecuted or who is charged with an offense…"). "[B]eing prosecuted" is no less restrictive than being "charged". The term, by its plain meaning refers to a situation where an individual is already subject to formal legal proceedings, meaning the prosecution has moved beyond mere investigation, and formal charges have been brought. Indeed, it implies active engagement in a legal process where the individual is being pursued for a specific offense. *See* PROSECUTION, Black's Law Dictionary (12th ed. 2024) ("A criminal proceeding in which an accused person is tried"); Merriam-Webster. (n.d.-b). *Prosecute definition & meaning*. Merriam-Webster. https://www.merriam-webster.com/dictionary/prosecute ("to institute and carry on a legal suit or prosecution"). That plain meaning is consistent with the Turkish version of the Treaty which specifically refers to "Kovusturma" the process after an indictment is filed and accepted by the Turkish court. Dkt. 87 at 1. It is unreasonable that inclusion of "being prosecuted" was intended to override the purpose of extradition and established legal principles. Simply put, the Treaty contains no provision that allows for extradition based on mere allegations, investigatory purposes, or because the person in question is a potential subject or target of an ongoing investigation. Therefore, both the plain meaning of 18 U.S.C. § 3184 and the Treaty require an active "charge" or "prosecution" before extradition can proceed.

In this case, however, there is no formal "charge" and no "prosecution". The Turkish government made an extradition request based purely on investigatory need. *See* Exhibit 1 to Complaint (under seal, *see* Dkt. 9 and 10) at 101 ("An investigation is being conducted by our Chief Public Prosecutor's Office for the offense of Reckless Killing and Reckless Injury allegedly committed by [T.C.], a juvenile pushed to crime. I hereby request that the juvenile, who is reported to be in your country, ***be extradited to Türkiye so that the investigation against him can be concluded***.") (emphasis added); *id.* at 96 ("Pursuant to Article 3 of the Child Protection Law No.5395, the term 'Juvenile Pushed to the Crime' is used for the individuals under the age of 18, in relation to whom ***an investigation or prosecution is conducted*** for allegedly committing an act, defined as an offence by the Laws. Therefore, the term 'Juvenile Pushed to the Crime' ***is also used for [T.C.] [] in the investigation, carried out by our Chief Public Prosecutor's Office***.") (emphasis added). Upon T.C.'s extradition, the Turkish government plans to subject him to "interrogation" and take "his statement" in order to "evaluate[]" whether charges should be brought. *Id.* at 151. The extradition request is clear: T.C. has not been "charged" and is not presently "being prosecuted". Instead, he is being sought in connection with an investigation, with the decision to charge hinging on the Turkish government's evaluation of his statement. Indeed, even the government, at least implicitly, concedes that the purpose of Turkey's request is to continue an investigation that has, to date, not resulted in a charge or prosecution. *See* Dkt. 154 at 2 (arguing "the Turkish prosecutor should not be penalized for wanting to gather all the relevant evidence—including T.C.'s statement—before instituting formal charges."). Extradition based on the Turkish government's stated purpose is thus inconsistent with the plain requirements of the 18 U.S.C. § 3184, the Treaty, and the overall purpose of extradition.

The Fourth Circuit in *Vitkus v. Blinken* denied extradition requests where "no criminal charges have been filed" finding that "the [applicable] Treaty does not permit the extradition of a person not yet criminally charged." 79 F.4th 352, 366 (4th Cir. 2023). The Treaty here similarly requires a "charge" or "prosecution" and while the Treaty may not require the submission of a separate charging document as part of the application under Article 7, Article 1 and § 3184 clearly preclude extradition absent a prosecution or charge and certainly preclude extradition based on investigative needs. An agreement to require certain but not all documents cannot be determinative in reinterpreting the clear language of Article 1 and § 3184 which refer to legal preconditions – a charge of a prosecution – that could only be understood by the U.S. signatories – two-thirds of the U.S. Senate and President Carter – as requiring more than an ongoing investigation or targeting of a non-charged, non-prosecuted U.S. citizen. "Being prosecuted" is not the same as "being investigated" or "wanted for a possible future prosecution" just as "charged" is not the same as "maybe charged" or "probably will be charged in the future". Indeed, even the cases cited by the government, Dkt. 152 at 3-4, that declined to find formal charges as a prerequisite to extradition, required an unequivocal intent to prosecute. For example, in *Emami v. U.S. Dist. Ct. for N. Dist. of California*, the German government expressly stated in its requests for "provisional arrest" and "extradition" that "Emami is wanted for prosecution." 834 F.2d 1444, 1449 (9th Cir. 1987). Similarly, in *Sacirbey v. Guccione*, "'Bosnia has repeatedly and unambiguously' indicated its intention to prosecute Sacirbey." 589 F.3d 52, 63 (2d Cir. 2009). In contrast, the sole intent expressed by the Turkish government in its extradition request and accompanying arrest warrant is to investigate. Despite the passage of months, the Turkish government has neither obtained a formal charge nor supplemented its submissions to indicate a clear and unambiguous intent to prosecute T.C.  Accepting the positions of the government and Turkey would permit any U.S. citizen sought for questioning

4

by Turkey or another foreign government that is a signatory to a Treaty limiting extradition to persons "charged" or "being prosecuted" to be arrested, detained, and extradited. This outcome contradicts § 3184, the Treaty, and the established purposes of extradition as recognized by the Supreme Court, Congress, and the President.[1]

Finally, without repeating the same herein, T.C. respectfully adopts the arguments in Elyem Tok's post-hearing submission, Dkt. 153 at 1-7.

For all the foregoing additional reasons, extradition should be denied.

Respectfully Submitted,

T.C., a Juvenile
By his attorneys,

*/s/ Martin G. Weinberg*
Martin G. Weinberg, Esq.
BBO #519480
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700

*/s/ Victoria Kelleher*
Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street
Suite 500
Boston MA 02109
978-744-4126

---

[1] Indeed, investigatory assistance is more appropriately the subject of an MLAT request.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of this document was served on all counsel of record this day, October 22, 2024, and with the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, 02210.

                                               **/s/ Martin G. Weinberg**
                                               Martin G. Weinberg, Esq.