UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF T.C | Docket No. 24-mj-01365-DLC |

**ASSENTED-TO MOTION TO STAY
EXECUTION OF CERTIFICATION AND COMMITTAL FOR EXTRADITION**

Juvenile T.C., through undersigned counsel, respectfully requests that this Honorable Court grant a 28-day stay of execution of the forthcoming Certification and Committal for Extradition ("Certification") from the date of the issuance of the Certification. This stay is necessary to afford T.C. sufficient time to prepare and file an Amended or Second Petition for Writ of Habeas Corpus, and is consistent with the recently ordered stay relating to Eylem Tok, Dkt. 163. This stay is necessary to allow T.C. the opportunity to prepare and file an Amended or Second Petition for Writ of Habeas Corpus. *See In re Extradition of Hilton*, No. 13-7043-JCB, 2013 WL 3282864, at *4 (D. Mass. June 26, 2013) (granting 60-day stay of "certificate of extradition" "from the date of its issuance to allow Hilton to pursue habeas relief."); *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 1004 (9th Cir. 2012) (relator granted a stay of extradition pending the resolution of his habeas corpus petition); *Mirela v. United States*, 416 F. Supp. 3d 98, 101 (D. Conn. 2019) (same).

A habeas petition is the sole means for T.C. to challenge adverse rulings. *See Wright v. Henkel*, 190 U.S. 40, 62 (1903) (recognizing habeas corpus as an appropriate mechanism to contest extradition); *Hooker v. Klein*, 573 F.2d 1360, 1364 (9th Cir. 1978) ("Because a finding of extraditability is not subject to direct appeal . . . collateral review is possible only through a writ of habeas corpus."). If T.C. is extradited before he files, and the District Court considers, his habeas

1

petition, his claims will become moot depriving him of the opportunity for meaningful judicial review. *See In re Extradition of Hilton,* No. 13-7043-JCB, 2013 WL 3282864, at *3 (D. Mass. June 26, 2013). The government assents to entry of a stay of execution of the Certification for 28 days from entry of the Certification on the docket.

For the foregoing reasons, Petitioner T.C., respectfully requests that this Honorable Court grant a 28-day stay of execution of the Certification from the date of the issuance of the Certification.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The Government, by and through AUSA Kristen Kearney, assents to the 28-day stay.

Respectfully Submitted,

T.C., a Juvenile
By his attorneys,

*/s/ Martin G. Weinberg*
Martin G. Weinberg, Esq.
BBO #519480
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700

*/s/ Victoria Kelleher*
Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street
Suite 500
Boston MA 02109
978-744-4126

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of this document was served on all counsel of record this day, February 13, 2025, via ECF.

                                      */s/ **Martin G. Weinberg***
                                      Martin G. Weinberg, Esq.