UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
IN THE MATTER OF                                )
THE EXTRADITION OF T.C.                         )
                                                )     No.  24-mj-01365-DLC
                                                )
_____        )

**MOTION TO STAY EXTRADITION PENDING RESOLUTION OF T.C.'S MOTION TO REOPEN AND RECONSIDER CERTIFICATION, AND FOR A BRIEF ADMINISTRATIVE STAY THEREAFTER**

T.C., by and through undersigned counsel, respectfully moves this Honorable Court for an order staying his extradition pending resolution of his Motion to Reopen Extradition Hearing and for Reconsideration of Certification in light of a Materially Different Post-Certification Indictment. T.C. further requests that, if that motion is denied, the Court enter a brief administrative stay of extradition for seven days so that T.C. may seek habeas relief under 28 U.S.C. § 2241 and request any further stay that may be necessary. The Government consents to a stay of extradition pending resolution of T.C.'s Motion to Stay but otherwise opposes the requested relief.

This Court previously certified T.C.'s extradition based on the charging materials and legal framework then before it. Dkt. 157. More specifically, the certification rested on the Article 85 offense, as reduced by Article 31/3, as presented in the Government's complaint and Turkey's supporting submissions, under which this Court concluded that T.C. "would appear to be subject to up to ten years imprisonment under Turkish law." Dkt. 157 at 1, 12–13, 18–20. T.C. has now moved to reopen and reconsider certification because Turkey has issued a new indictment that adds an Article 22/3 charge which formally alleges that the offense was committed with "conscious recklessness," and expressly seeks a punishment enhancement adding one-third to one-half to the maximum sentence for the offenses for which extradition was previously sought.

1

Turkey did not submit that new charge or enhanced punishment request through the Treaty process. That omission violates Article 7,[1] which governs the materials and charges that must be presented in support of extradition, and Article 16,[2] which bars prosecution or punishment on a materially different basis, absent the required consent and compliance with Article 7.

Accordingly, T.C.'s motion raises substantial issues bearing directly on the scope of the extradition this Court certified, including whether Turkey is now seeking prosecution and punishment on a materially different offense, whether Turkey has satisfied its treaty obligations, whether the United States has consented to prosecution on that aggravated basis, and whether the new offense is supported by probable cause. Indeed, this Honorable Court has never addressed the questions required under 18 U.S.C. § 3184, *see* Dkt. 157 at 4-5, with respect to the new indictment.

A stay is necessary to preserve this Court's ability to resolve those issues and to prevent T.C.'s extradition before the Court determines whether the certification remains valid. The requested stay is also necessary to preserve meaningful judicial review. A habeas petition is the sole means for T.C. to challenge adverse rulings. *See Wright v. Henkel*, 190 U.S. 40, 62 (1903) (recognizing habeas corpus as an appropriate mechanism to contest extradition); *Hooker v. Klein*, 573 F.2d 1360, 1364 (9th Cir. 1978) ("Because a finding of extraditability is not subject to direct appeal . . . collateral review is possible only through a writ of habeas corpus."). If T.C. is extradited

---

[1] Article 7(1)(e) of the Treaty required Turkey to produce "[t]he text of the applicable laws of the Requesting Party, including the law defining the offense, the law prescribing the punishment for the offense, and the law relating to the limitation of legal proceedings or the enforcement of the penalty for the offense."

[2] Article 16 states that a person extradited under the Treaty may not be "prosecuted, punished or detained for the enforcement of a sentence" for an offense "other than that for which extradition was granted" absent the requested state's express consent. Article 16(1) of Treaty. And when such consent is sought, the Requesting Party "shall comply with the procedure provided in Article 7." Article 16(2) of Treaty.

before the District Court considers any potential habeas petition, his claims will become moot depriving him of the opportunity for meaningful judicial review. *See In re Extradition of Hilton*, No. 13-7043-JCB, 2013 WL 3282864, at *3 (D. Mass. June 26, 2013).

Courts consider the traditional stay factors in deciding whether to preserve the status quo pending judicial review: (1) likelihood of success on the merits, (2) irreparable injury absent a stay, (3) substantial injury to the opposing party, and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 426, 434 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Those factors support a stay here.

First, at a minimum, T.C.'s motion presents serious and substantial legal questions. The motion demonstrates that Turkey is no longer proceeding on the same charges and punishment exposure on which extradition was sought and certified, contrary to the Treaty and the rule of specialty. In straightforward terms, extradition may not proceed on a materially altered and aggravated theory that was not included in the original request and was not addressed by this Court under 18 U.S.C. § 3184.

Second, the irreparable harm is obvious. If T.C. is extradited before this Court resolves the pending motion, the harm cannot be undone. He will have been removed from the jurisdiction and subjected to foreign custody before this Court has determined whether the extradition presently sought is the extradition this Court certified. If the Court denies the motion, immediate surrender would likewise deprive T.C. of a meaningful opportunity to seek habeas review and a stay from the habeas court.

Third, the requested stay will not substantially prejudice the Government or the requesting state. T.C. seeks only to preserve the status quo while this Court resolves a pending motion directed

3

to the validity and scope of the certification order, and, if necessary, for a short additional period to permit prompt habeas review.

Fourth, the public interest favors a stay. The public has a strong interest both in the United States honoring its treaty obligations and in ensuring that extradition occurs only in accordance with the treaty, the governing charging documents, and the certification entered by the Court. The public interest is not served by a premature surrender that could deprive T.C. of meaningful judicial review of a substantial treaty-based objection.

**WHEREFORE**, T.C. respectfully requests that this Honorable Court stay his extradition pending resolution of his pending motion, and, if that motion is denied, enter a further administrative stay of seven days from the Court's order to permit T.C. to file a petition for writ of habeas corpus and seek any additional stay that may be necessary.

## <u>LOCAL RULE CERTIFICATION</u>

Undersigned counsel has conferred with counsel for the Government, who consents to a stay of extradition pending resolution of T.C.'s Motion to Stay but otherwise opposes the requested relief.

Respectfully Submitted,

T.C.,
By His Attorneys,

*/s/ Martin G. Weinberg*
Martin G. Weinberg, Esq.
BBO #519480
20 Park Plaza Suite 1000
Boston, MA 02116
(617) 227-3700

*/s/ Victoria Kelleher*
Victoria Kelleher
Kelleher & Maceo, P.C.

4

BBO #637908
53 State Street, Suite 500
Boston MA 02109
(978) 744-4126

*/s/ Maksim Nemtsev*
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on all counsel of record this day, March 20, 2026, via ECF

/s/ **Martin G. Weinberg**
Martin G. Weinberg, Esq.