## T.C.
## İSTANBUL
## CUMHURİYET BAŞSAVCILIĞI
### Çocuk Bürosu

**Soruşturma No :** 2024/56530

## DOSYA İNCELEME TUTANAĞI

01/03/2024 tarihi saat 23.20 sıralarında, Suça Sürüklenen Çocuk T.C. sevk ve idaresinde bulunan 34 EGG 06 plakalı aracın Eyüpsultan İlçesi Davutpaşa Caddesi Belgrat Ormanı yolunda ATV araç tamiri yapan maktul O.M.A. ve müştekiler Süleyman Keçici, İbrahim Gümüş, Hasan Topal ve T.A. çarpması sonucu trafik kazası meydana gelmiştir. Kaza nedeniyle O.M.A. vefat etmiştir. Süleyman Keçici, İbrahim Gümüş, Hasan Topal ve T.A. yaralanmıştır. Kaza sonrası Suça Sürüklenen Çocuk T.C. ve annesi Eylem Tok haklarında soruşturma ve kovuşturma yapılmasını engellemek amacıyla yurt dışına kaçmışlardır. Halen Amerika Birleşik Devletlerinde oldukları tespit edilmiştir. Suça sürüklenen Çocuk T.C. yönünden kırmızı bülten talepnamesi düzenlenmiş ve Amerika Birleşik Devletlerinden iadesi beklenmektedir. Suça sürüklenen çocuk hakkında Türk Ceza Kanunu 85/2, 22/3, 31/3 maddeleri uyarınca iddianame düzenlenerek kamu davası açılmıştır. Açılan kamu davası İstanbul 2. Çocuk Ağır Ceza Mahkemesinin 2026/119 esas sayısına kaydedilmiştir.

Türk Ceza Kanununun 85/2 maddesinde *"Taksirle bir insanın ölümüne neden olan kişi, birden fazla insanın ölümüne ya da bir veya birden fazla kişinin ölümü ile birlikte bir veya birden fazla kişinin yaralanmasına neden olmuş ise, kişi iki yıldan onbeş yıla kadar hapis cezası ile cezalandırılır."* hükmü yer almaktadır.

Türk Ceza Kanununun 22/3 maddesinde de *"Kişinin öngördüğü neticeyi istememesine karşın, neticenin meydana gelmesi halinde bilinçli taksir vardır; bu halde taksirli suça ilişkin ceza üçte birden yarısına kadar artırılır"* hükmü yer almaktadır.

Türk Ceza Kanununun 22/3 maddesinde belirtilen hüküm Türk hukuku bakımından bağımsız bir suç teşkil etmeyip yalnızca cezayı artırıcı niteliktedir. Cumhuriyet Başsavcılığımızca söz konusu soruşturma kapsamında düzenlenen iddianamede de cezayı artırıcı nitelikte ve Türk Ceza Kanununun 85/2 maddesini destekleyici madde olarak eklenmiştir. **26/03/2026**

İpek ÖZENLİ KESKİN
212042
Cumhuriyet Savcısı





# Türk Ceza Kanunu Madde 22

**(1)** Taksirle işlenen fiiller, kanunun açıkça belirttiği hallerde cezalandırılır.

**(2)** Taksir, dikkat ve özen yükümlülüğüne aykırılık dolayısıyla, bir davranışın suçun kanuni tanımında belirtilen neticesi öngörülmeyerek gerçekleştirilmesidir.

**(3)** Kişinin öngördüğü neticeyi istememesine karşın, neticenin meydana gelmesi halinde bilinçli taksir vardır; bu halde taksirli suça ilişkin ceza üçte birden yarısına kadar artırılır.

**(4)** Taksirle işlenen suçtan dolayı verilecek olan ceza failin kusuruna göre belirlenir.

**(5)** Birden fazla kişinin taksirle işlediği suçlarda, herkes kendi kusurundan dolayı sorumlu olur. Her failin cezası kusuruna göre ayrı ayrı belirlenir.

**(6)** Taksirli hareket sonucu neden olunan netice, münhasıran failin kişisel ve ailevi durumu bakımından, artık bir cezanın hükmedilmesini gereksiz kılacak derecede mağdur olmasına yol açmışsa ceza verilmez; bilinçli taksir halinde verilecek ceza yarıdan altıda bire kadar indirilebilir.





**T.C.**
**İSTANBUL**
**CUMHURİYET BAŞSAVCILIĞI**
Çocuk Bürosu

Soruşturma No : 2024/56530
Esas No : 2026/11884
İddianame No : 2026/192

**İDDİANAME**
İSTANBUL ( ) ÇOCUK AĞIR CEZA MAHKEMESİNE

| | |
|---|---|
| **DAVACI** | : K.H. |
| **MÜTEVEFFA** | :OĞUZ MURAT ACİ, ÖZER Oğlu PERVİN'den olma, ▮/1995 doğumlu |
| **MAĞDURLAR** | :1- I.G. MURAT Oğlu JALE'den olma, ▮/2003 doğumlu, Gümüşdere Mah. Uğur Sk. No: 7/1 Sarıyer/ İSTANBUL ikamet eder. |
| | 2- T.A. HÜSEYİN Oğlu SAADET'den olma, ▮/2001 doğumlu, Gümüşdere Mah. Bezirgan Sk. No: 17 İç Kapı No: 1 Sarıyer/ İSTANBUL ikamet eder. |
| **VEKİLİ** | : Dava Vekili MAHMUT BURAK ERDEN, 16926-29684-74224 |
| **MÜŞTEKİ** | :ÖZER ACİ, NAFİZ Oğlu HOŞNAZ'den olma, ▮/1963 doğumlu, Gümüşdere Mah. Bulgur Sk. No: 3 İç Kapı No: 4 Sarıyer / İstanbul Sarıyer/ İSTANBUL ikamet eder. |
| **VEKİLİ** | : Av. BURAK ATLI, 15169-61786-16906 |
| | Av. HACI ORHAN, 16871-78672-71919 |
| **SUÇTAN ZARAR GÖREN** | :ŞÜKRİYE ACİ, HÜSEYİN Kızı SAADET'den olma, ▮/1996 doğumlu, Gümüşdere Mah. Bulgur Sk. No: 2 Sarıyer/ İSTANBUL |
| **VEKİLİ** | : Av. AHMET ASLAN 16452-54477-76833 |
| **SUÇA SÜRÜKLENEN ÇOCUK** | : T.C. BÜLENT Oğlu EYLEM'den olma, ▮/2007 doğumlu, KARS ili, MERKEZ ilçesi, BOĞAZ köy/mahallesi, 18 cilt, 12 aile sıra no, 236 sıra no'da nüfusa kayıtlı Göktürk Merkez Mah. Koruyolu Cad. No: 34 İç Kapı No: 1 Eyüp/ İSTANBUL ikamet eder. *(SSÇ hakkında Kırmızı Bülten Talepnamesi düzenlenmiş olup, ABD'den iadesi beklenmektedir)* |
| **MÜDAFİİ** | : Av. ŞEREF AKÇAY, İSTANBUL 16053-50686-38506 |
| | Av. EKİN SOYSAL, İSTANBUL 16376-73872-41821 |
| | Av. GÖKHAN METİN, İSTANBUL |

1/6



16712-17482-82256
Av. ÖMER FARUK YARDIM, İSTANBUL
Av. EMİNE ANIL AKÇAY KARABAY, İSTANBUL
16034-30555-73635

| | |
|---|---|
| **SUÇ** | : Bilinçli Taksirle Ölüme ve Yaralanmaya Neden Olma |
| **SUÇ TARİHİ VE YERİ** | : 01/03/2024 |
| **YAKALAMA KARAR TARİHİ** | : 07/03/2024 |
| **SEVK MADDESİ** | : Türk Ceza Kanunu 85/2, 22/3, 31/3 |
| **DELİLLER** | : Alınan beyanlar, Bilirkişi Raporları, Olay Yeri İnceleme Raporu, Tutanaklar, Güvenlik Kamerası Görüntüleri, Adli Tıp Raporları, Nüfus ve Adli Sicil Kaydı ile tüm dosya kapsamı. |

## SORUŞTURMA EVRAKI İNCELENDİ

01/03/2024 günü saat 23:20 sıralarında Eyüpsultan Mithatpaşa Mahallesi Davutpaşa Caddesi üzerinde O.M.A. eks olduğu, Süleyman KEÇİCİ, I.G. Hasan TOPAL ve T.A. yaralandığı trafik kazasına ilişkin Cumhuriyet Başsavcılığımızca başlatılan soruşturma kapsamında;

### 1. DOSYA SAFAHATİ VE DELİLLER

Olay yerine intikal eden ekiplerin 34 EGG 06 plaka sayılı Porsche marka otomobilin 3 adet ATV tipi taşıta arkadan çarptığı, otomobilin yolun sol tarafında bulunan su kanalına düşmüş olduğu, ATV tipi araçlardan ikisinin yolun sağ tarafında bulunan uçurumdan aşağıya indiği, 1 adet ATV tipi taşıtın otomobilin ön tarafında olduğu, 34 EGG 06 plaka sayılı otomobil sürücüsünün olay yerinden firar etmiş olduğu tespit edilmiştir. Çeşitli hastanelere intikal ettirilen şahıslardan O.M.A. hayati tehlikesi mevcut şekilde kaldırıldığı Seyrantepe Hamidiye Eftal Eğitim ve araştırma Hastanesinde eks olduğu, kazada Süleyman Keçici, T.A. İbrahim Gümüş ve Hasan Topal'ın yaralandığı, Adli Tıp Kurumu İstanbul Adli Tıp Şube Müdürlüğü 2024/5680 - 5683 Sayılı raporuyla Süleyman Keçici ve Hasan Topal'ın yaralanmalarının basit tıbbi müdahale ile giderilebilecek ölçüde hafif olduğu, Tahisn Arslan'ın yaralanmasının hayati tehlikeye ve kemik kırığına (6. Derece ağır kemik kırığı) neden olacak ölçüde olduğu, İbrahim Gümüş hakkında İstanbul ATK 2. İhtisas Kurulu'ndan görüş alınması gerektiği belirtilmiştir. İstanbul ATK İstanbul 2. İhtisas Kurulu 19443 sayılı 18/11/2024 tarihli raporuna göre İbrahim Gümüş'ün yaralanmasının kişinin hayatını tehlikeye sokacak ve kemik kırığına (4. Derece ağır kemik kırığı) neden olacak ölçüde olduğu bildirilmiştir. Adli Tıp Kurumu 1. Adli Tıp İhtisas Kurulu 4799 sayılı 18/07/2024 tarihli raporuyla müteveffa O.M.A. ölümünün genel beden travmasına bağlı bacak kemik kırıkları, damar yaralanması ve gelişen komplikasyonlar sonucu meydana geldiği ve SSÇ'nin kullanımındaki araçla gerçekleşen trafik kazasına bağlı yaralanmasıyla ölüm neticesi arasında illiyet bağının bulunduğu belirtilmiştir.

34 EGG 06 plaka sayılı Porshe marka otomobil sürücüsünün Suça Sürüklenen Çocuk T.C. olduğu, yolcu olarak Alp KÜÇÜKÖNDER, Arda ACAR ve Bartu ARSLANOĞLU'nun olduğu, kazadan hemen sonra yanlarına gelen 34 BOD 377 plaka sayılı Volvo marka otomobil sürücüsünün Demir ÖCALGİRAY'ın olduğu, yolcu olarak Poyraz Tarhan ERDEM, Yılmaz Erk AKIN, Mehmet Efe YILMAZ, Zekai Hakkı DORUMN ve Kerem ATAÇ olduğu ve tüm bu şahısların henüz 18 yaşlarını doldurmadıkları tespit edilmiştir.

Mağdurlar Hasan TOPAL, Süleyman KEÇECİ, I.G. T.A. alınan beyanlarında özetle; Olay günü saat 21:30 sıralarında O.M.A. ile toplam 5 kişi 3 farklı ATV tipi aracı ile gezerlerken ATV'lerden birinin arıza yapması üzerine yol kenarında durduklarını, arıza yapmayan diğer iki aracın fark edilmek için dörtlü flaşörleri yanık vaziyette beklediklerini, yolun karanlık olmasından dolayı yeterli olmadığını düşünerek araçlardan birini yolun geliş istikametini aydınlatacak şekilde farları açık olarak park ettiklerini, bu şekilde aracın tamiri ile uğraşırken yoldan

2/6



geçen araçların kendilerini fark ederek geçtiklerini, tamir ile uğraşırken SSÇ T.C. sevk ve idaresindeki otomobilin kendilere çarptığını beyanla şikayetçi olmuşlardır. 21/05/2025 tarihli dilekçeleri ile müteveffa Murat ACİ'nin eşi Şükriye ACİ, yaralı müştekiler Süleyman KEÇECİ, Hasan TOPAL, İbrahim GÜMÜŞ ve T.A. şikayetlerinden vazgeçmiş olup müşteki baba Özer AÇİ'nin şikayeti devam etmektedir.

Tanıklar Demir Orhan ÖCALGİRAY, Kerem ATAÇ, Zekai Hakkı DORUM, Mehmet Efe YILMAZ, Poyraz Tarhan ERDEM, Yılmaz Erk AKIN, Alp KÜÇÜKÖNDER'in alınan beyanlarında özetle; 01/03/2024 günü 23:00 sıralarında Eyüpsultan Belgrad Ormanı yolunda T.C. 34 EGG 06 plaka sayılı Porsche marka otomobili kullanmakta olduğunu, Demir'in kullandığı Volvo'yu solladığını, aracı hızlı kullanarak virajlara sert girdiğini, aynı araç içerisinde olan arkadaşları tarafından *"yavaş gitmesi"* konusunda uyarmalarına rağmen T.C. kendilerini dinlemediğini, her ihtimale karşı kemerlerini taktıklarını, önlerindeki viraja yine hızlı bir şekilde girdiğini, ATV araçlarını gördüklerini, T.C. direksiyonu sola kırdığını ve otomobilin kaymaya başlayarak sağ taraftan ATV araçlarına çarptıklarını, yolun ortasında iki kişi, yamacın aşağısında bir kişi ve T.C. aracının altında bir kişi olduğunu fark ederek yardımcı olduklarını, T.C. annesini aradığını, T.C. annesi olan Eylem TOK'un yanında bir kadınla olay yerine geldiğini, T.C. olay yerinden kaçtığını beyan etmişlerdir. Ayrıca yol kenarında yerde yatan iki yaralı şahıs gördüklerini, yaralılardan birinin Zekai Hakkı DORUM'a kendi telefonunun ışığını açıp vererek başına bakmasını istediğini, Zekai'nin yaralının başına baktıktan sonra Kerem ATAÇ ile birlikte Kemer Country'e geçtiklerini, Zekai'nin dalgınlıkla yaralı şahsın telefonunu cebine koyduğunu fark etmesi üzerine yanlarına gelen Kerem'in tekrar olay yerine döneceğini düşünerek telefonunu Kerem'e verdiklerini ancak Kerem'in böyle bir sorumluluğu alamayacağını söyleyerek telefonu duvar üzerine bıraktığını, güvenlik görevlisinin telefonu aldığını beyan etmişlerdir.

Tanık Arda Acar alınan ifadesinde özetle; kaza esnasında T.C. aracında yolcu olarak bulunduğunu, T.C. aracı hızlı kullandığını, yavaş kullanması için uyardıklarını ancak T.C. yavaşlamadığını, hız kadranına baktığında göstergenin 100 km/saatin üzerinde olduğunu gördüğünü, bunu gördükten bir saniye sonra kazanın meydana geldiğini beyan etmiştir.

Tanık Bartu Aslanoğlu alınan ifadesinde özetle; kaza esnasında SSÇ T.C. kullandığı araçta yolcu olarak bulunduğunu, Bahçeköy'e dönerken T.C. aracı hızlı kullanmaya başlaması üzerine Arda ile birlikte T.C. yavaşlaması için uyardıklarını, T.C. yavaşlamaması üzerine emniyet kemerlerini bağladıklarını, T.C. kaza öncesinde veya kaza esnasında alkol almadığını ancak yüksek süratle araç kullandığını, hız göstergesinde ibrenin 170 km/saate ulaştığını gördüğünü, kaza olmadan 1 saniye önce yolda kırmızı ışık gördüğünü, akabinde kaza olduğunu beyan etmiştir.

Kemer Country Sitesinin güvenlik amiri tanık Hikmet ALTUN'un alınan beyanında özetle; Aranarak acil olarak ana kapıya gelinmesinin istenmesi üzerine bırakılan telefondan haberdar olduğunu, orada bulunan çocukların telefonun kaza yapan Demir isimli arkadaşlarına ait olduğunu söylediğini, o esnada 34 BOD 777 plaka sayılı SUV tipi bir aracın gelerek araç sürücüsü kadının *"Ben Demir'i de annesini de tanıyorum, telefonu bana verin kendisine teslim edeyim"* diyerek telefonu aldığını, Eylem TOK'un da *"telefonun Demir'e ait olduğunu, bu bayana vermenizde sakınca yok"* dediğini, şahısların telaşlı olmalarından şüphelenerek güvenlik kamerası görüntülerini incelediklerinde 4 adet çocuğun telefonu birbirlerine atarak uzaklaştığını, en son içlerinden birinin taksiye binmesi üzerine taksinin içerisine atmış olduğunu, taksiden inen çocuğun da telefonu duvara bıraktığını gördüklerini, beyan etmiştir.

Kemer Country güvenlik görevlileri tanıklar Velat TUNCER ve Naci CEYLAN'ın alınan beyanlarında özetle; 01/03/2024 gecesi bir çocuğun taksiden inerek sitenin dış duvarın üzerine bir adet cep telefonunu aldıktan sonra, Eylem TOK'un yanlarına gelerek *"telefonun tanıdıkları Demir isimli şahsa ait olduğunu, Demir'in annesini tanıdıklarını"* söyleyerek aldığını beyan etmiştir.

Güvenlik Kamerası görüntülerinin incelenmesinde; Olay öncesi SSÇ ve arkadaşlarının akaryakıt istasyonuna girdikleri, alışveriş yaptıktan sonra olayın olduğu yere doğru yola çıktıkları, olayın meydana geldiği yerde kamera bulunmadığı tespit edilmiştir.



Kemer Country Sitesine ait 01/03/2024 tarih saat 23:51 olan görüntülerde; Demir Orhan ÖCALGİREY, Zekai Hakkı DORUN ve Kerem ATAÇ ile kimliği tespit edilemeyen 4 kişinin yol kenarında bekleme yaptıkları, Kerem'in taksiye bindiği, Demir'in telefonu Zekai'den alarak Kerem'e vererek siteye yaya olarak giriş yaptıkları, Kerem'in taksiden inerek peşlerinden koştuğu, 02/03/2024 tarih saat 00:01 olan görüntülerde Demir Orhan ÖCALGİRAY'ın annesi olduğu tespit edilen Berna ÖCALGİRAY'ın 34 BOD 777 plaka araçla siteye giriş yaptığı, 02/03/2024 tarih saat 00:15 olan görüntülerde 34 FPA 695 plaka sayılı otomobil ile Eylem TOK'un siteye giriş yaptığı tespit edilmiştir.

Olaydan sonra kazada hasar alan SSÇ'nin kullanımındaki araç ve kazada hasar alan ATV araçları üzerinde makine mühendisinden alınan 15/03/2024 tarihli bilirkişi raporunda *"34 EGG 06 plaka sayılı Porsche TAycan 4 S marka aracın sağ ön aks bağlantısının koptuğu, sağ ön çamurluk - sağ ön kapı - sağ arka kapı - sağ ayna - ön kaput - ön tampon parçalandığı, araç ön camın üzerine çarpma sırasında bir şahsın düşmesi sonucu patladığı, sol ön lastik pert olduğu, araç içerisinde şoför ve yolcu hava yastıkları ve torpido altı bacak koruma hava yastıklarının patladığı, 34 DJD 284 plaka sayılı Yuki Marka ATV aracın sol arka aks bağlantı kısmında hasar mevcut olduğu, 34 PL 4320 plaka sayılı ATV aracın pert durumda olduğu, tescilsiz ve plakasız diğer ATV aracın tamamen pert durumda olduğu ... SSÇ'nin kullandığı aracın yolun virajlı olan kısmına tahmini 170-180 km/sa ile girdiği ve viraj çıkışında yol kenarındaki ATV cinsi araçlara çarptığı"* tespitlerine yer verilmiştir.

Suça sürüklenen Çocuk        T.C.        hakkında Taksirle Ölüme ve Yaralanmaya Neden olma suçundan İstanbul 7. SCH'nin 07/03/2024 tarihli ve 2024/1958 Değişik iş sayılı Yakalama Emrine İstinaden Kırmızı Bülten düzenlenmiş olup, Adalet Bakanlığı Dış İlişkiler ve Avrupa Birliği Genel Müdürlüğü'ün E.81016607-4-1-TR-871-2024-3575/32024 sayılı yazısı ile konunun halen yargı aşamasında olması sebebi ile teslim edilemediği, temyiz davası tamamlandıktan sonra şahsın ülkemize teslim edilmesinin önünün açılacağı belirtilmiştir. Gelinen aşamada soruşturmanın daha fazla sürüncemede kalmaması için suça sürüklenen çocuğun ifade işlemlerinin kovuşturma aşamasında da alınabileceği ve mevcut deliller ile dosya durumu da gözetilerek iddianame tanzim edilmesi gerektiği kanaatine varılmıştır.

## 2. OLUŞ VE HUKUKİ DEĞERLENDİRME

Yürütülen soruşturma neticesinde alınan beyanlar, Bilirkişi Raporları, Olay Yeri İnceleme Raporu, tutanaklar, güvenlik kamerası görüntüleri, Adli Tıp Raporları ve tüm dosya kapsamı bir bütün halinde değerlendirildiğinde; 01/03/2024 günü saat 23:20 sıralarında Eyüpsultan Mithatpaşa Mahallesi Davutpaşa Caddesinde        T.C.        sevk ve idaresinde bulunan 34 EGG 06 plaka sayılı Porsche marka otomobilin, arıza sebebiyle yol kenarında park halinde bulunan 3 adet ATV tipi taşıtın arka kısmına ve taşıtların civarında bulunan        O.M.A.        İbrahim Gümüş,        T.A. Süleyman Keçici, Hasan Topal'a çarparak ölümlü ve yaralanmalı trafik kazasına sebebiyet verdiği anlaşılmıştır. 18/07/2024 tarihli Adli Tıp Kurumu 1. İhtisas Kurulu Raporunda da anlaşılacağı üzere, maktul        O.M.A.        ölümünün genel beden travmasına bağlı bacak kemik kırıkları, damar yaralanması ve gelişen komplikasyonlar sonucu gerçekleştiği, müteveffanın maruz kaldığı trafik kazasına bağlı yaralanması ile ölümü arasında illiyet bağının bulunduğu belirtilmiştir. Adli Tıp Şube Müdürlüğü'nün raporu ile müştekilerden Süleyman KEÇİCİ ve Hasan TOPAL'ın kaza nedeniyle basit tıbbi müdahale ile giderilebilecek derecede yaralandığı, müşteki        T.A.        kaza nedeniyle basit tıbbi müdahale ile giderilemeyecek, vücudundaki kemik kırıklarının yaşam fonksiyonlarını ağır (6) derecede etkileyecek nitelikte yaralandığı, Adli Tıp 2. İhtisas Kurulu Raporu ile müşteki İbrahim GÜMÜŞ'ün kaza nedeniyle yaralanmasının basit tıbbi müdahale ile giderilemeyecek, yaşamını tehlikeye sokacak derecede vücuttaki kemik kırıklarının hayati fonksiyonlarını ağır (4) derecede etkileyecek nitelikte olduğu belirtilmiştir. Trafik kazasında hasar alan ATV cinsi araçlar üzerinde gerçekleştirilen bilirkişi incelemesi neticesinde araçlardan 2 tanesinin pert olacak şekilde hasar aldığı, bir tanesinin aks bağlantısı kopacak şekilde yüksek hasar aldığı tespit edilmiştir. 01/03/2024 tarihli Kaza Tespit Tutanağı ile, kaza yerindeki azami hız limitinin 30 km/s olduğu tespit edilmiştir. Kaza sonrası ATV araçlarında meydana gelen hasar dikkate alındığında Suça Sürüklenen Çocuk        T.C. sevk ve idaresindeki araçla yasal hız limitinin çok üzerinde bir süratle seyir halindeyken

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden 8Y8cD3u - J1OdxEi - xdDL2eA - PV6zCI= ile erişebilirsin

trafik kazasını gerçekleştirdiği anlaşılmıştır. 07/03/2024 tarihli Adli Trafik Bilirkişi Raporu ile, kaza esnasında havanın açık, yol zemininin kuru, yolun virajlı olduğu SSÇ T.C. 2918 sayılı Karayolları Trafik Kanunu'nun 52/1-b, 84-d ve 81-d maddelerinde kuralları ihlal etmesi sebebiyle asli kusurlu olduğu, araç arıza sebebiyle duraklayan arazi taşıtlarının ise 2918 sayılı Karayolları Trafik Kanunu'nun 135. Maddesini ihlal ederek tali kusurlu oldukları tespit edilmiştir. 25/04/2024 tarihli Adli Tıp Trafik İhtisas Kurulu Raporu ile, T.C. asli derecede kusurlu, müteveffa O.M.A. ile müştekiler Süleyman KEÇİCİ, I.G. T.A. ve Hasan TOPAL'ın her birinin tali derecede kusurlu oldukları belirtilmiştir. Suça Sürüklenen Çocuk T.C. olay sonrası firar etmiş olmasından dolayı alkol ölçüm testi yapılamamıştır. Eyüpsultan Kaymakamlığı'nın 13/03/2024 tarihli cevabi yazısı ile T.C. adına çıkarılmış herhangi bir sürücü belgesi bulunmadığı belirtilmiştir. 03/09/2024 tarihli Bilirkişi Raporu ile, SSÇ T.C. sevk ve idare ettiği otomobilin kaza sonrası S.O.S. Sisteminin devreye girdiği, 112 ihbar hattını aradığı, 112 görevlisinin araç içerisindeki şahıslar ile iletişim kurmaya çalıştığı ancak sağlayamadığı tespit edilmiştir.

Gerek öğreti gerek yerleşmiş yargısal kararlarda yer alan kabullere göre, gerçekleşmesi muhakkak görünen neticenin fail tarafından bilinmesi ve istenmesi halinde doğrudan kasıt, öngörülen muhtemel neticenin meydana gelmesine kayıtsız kalıp göze alınması durumunda olası kasıt, failin dikkat ve özen yükümlülüğüne aykırı davranması sonucu öngöremediği bir neticenin meydana gelmesinde basit taksir, failin dikkat ve özen yükümlülüğüne aykırı davranışı sonucu meydana gelen neticeyi öngörmesine rağmen neticenin gerçekleşmeyeceğine güvenerek hareket etmesi durumu ile öngörülen muhtemel neticenin meydana gelmesinde ise bilinçli taksir söz konusu olacaktır.

Yargıtay 12. CD'nin emsal niteliğini haiz olaylarda verdiği kararlarında hız limitinin iki katı ve daha yüksek hızla seyredilirken kazaya sebebiyet verilmesi halinde bilinçli taksir hükümlerinin uygulanması gerektiği belirtilmiştir. (Bkz. Yargıtay 12. CD 2025/6275 E 2025/7513 K sayılı, 2015/2805 E 2015/19227 K sayılı ilamları)

Somut olaya bakıldığında, 17 yaşındaki sürücü belgesi bulunmayan sürücü Suça Sürüklenen Çocuk T.C. mevcut ve azami hız limitinin 30 kilometre/saat olarak belirlenen, aydınlatma olmayan ve kasis bulunan viraja yüksek süratle girdiği, tanıkların anlatımlarına göre seyir halindeki araçlar yavaşlamasına rağmen hızını azaltmayarak bu araçları solladığı, SSÇ T.C. ilk önce arkadaşı Demir'in kullandığı Volvo'yu solladığı, kasiste yavaşlayan bir başka otomobili daha sollayarak hızını azaltmadan yoluna devam ettiği, otomobilde bulunan arkadaşlarının yavaşlaması yönündeki uyarılarına rağmen hızını azaltmayarak aracıyla seyre devam ettiği, bu hal ve şartlarda hız limiti 30 km/sa olan yolda bu hızla ilerlerken her an bir kazaya neden olabileceğini öngörmesine ancak sonucu istememesine rağmen seyrine devamla yol kenarında bulunan ATV araçlarına (3 ATV aracına büyük hasar verecek şekilde yüksek süratle (15/03/2024 tarihli bilirkişi raporuna göre 170 - 180 km/sa, tanık Arda'nın beyanında kazadan hemen önce 100km/sa olarak belirtmesi nedeniyle 100km/saatin üzerinde bir hızla)) çarpması ile kazaya asli ve kusurlu şekilde neden olduğunun anlaşılması karşısında, SSÇ'nin trafik kazasının gerçekleştiği sırada aracını yasal hız limiti olan 30 km/saatin iki katından daha yüksek süratle gerçekleştirdiği ve bu şekilde eylemini bilinçli taksirle işlediği değerlendirilmiştir.

T.C. bilinçli taksir kapsamında kalan ve asli kusurlu eylemi ile O.M.A. hayatını kaybetmiş olup, I.G. ve T.A. ise basit tıbbi müdahale ile giderilemeyecek ölçüde, kemik kırığı ve hayati tehlike geçirecek şekilde yaralanmışlardır. Her ne kadar müştekiler yaralanmalarına ilişkin şikayetlerinden vazgeçmişler ise de, suçun bilinçli taksir kapsamında kaldığı gözetilerek, yaralanmaları basit tıbbi müdahale kapsamında kalmayan müştekiler İbrahim GÜMÜŞ ve T.A. açısından TCK 89/5 maddesi gereği şikayet şartı aranmamaktadır. Müştekiler I.G. ve T.A. yaralanmalarının TCK'nın 89/2. Maddesinde tanımlanan nitelikli yaralanma niteliğinde olduğu, ancak eylemin bir bütün halinde TCK'nın 85/2 maddesinde tanımlanan suça sübut verdiği, yaralanan mağdurların sayısı ve yaralanmaların niteliği dikkate alındığında SSÇ hakkında ceza tayin olunurken TCK'nın 61. maddesi kapsamında temel ceza belirlenirken alt sınırdan bir miktar uzaklaşılması gerektiği anlaşılmıştır.

5/6



## 3. NETİCE VE TALEP

Açıklanan bu sebeplerden ötürü suça sürüklenen çocuk        T.C.        üzerine atılı bilinçli taksirle bir kişinin ölümüyle birlikte birden fazla kişinin yaralanmasına sebebiyet verme suçunu işlediği anlaşılmakla, Suça Sürüklenen Çocuğun yargılamasının 5395 sayılı yasanın 26/1 maddesi uyarınca mahkemenizce, CMK'nın 185/1 maddesi gereği yukarıda belirtilen sevk maddeleri gereğince **CEZALANDIRILMASINA,** temel ceza tayin olunurken mağdurların aldıkları yaranın niteliği, mağdur sayısının çokluğu, trafik kazasının meydana gelişi sırasında SSÇ'nin yasal sınırdan çok yüksek bir süratle araç kullanarak kazanın ve ölüm ile yaralanma neticelerinin meydana gelmesine sebebiyet vermesi hususları dikkate alınarak alt sınırdan uzaklaşılarak temel ceza tayin edilmesine, eylemin bilinçli taksirle işlendiği anlaşıldığından belirlenen temel cezadan **TCK'NIN 22/3 MADDESİ UYARINCA ARTIRIM YAPILMASINA,**

Suça Sürüklenen Çocuk hakkında verilecek cezadan 5237 sayılı TCK'nın 31/3 maddeleri uyarınca yaş küçüklüğü sebebiyle **İNDİRİM YAPILMASINA,**

Adli Emanetin 2024/13016 sırasına kayıtlı eşyaların dosyada delil olarak **SAKLANMASINA,**

Suça Sürüklenen Çocuklar hakkında 5395 sayılı çocuk koruma kanununda öngörülen **GÜVENLİK TEDBİRLERİNE HÜKMEDİLMESİNE,**

Suça Sürüklenen Çocuk        T.C.        hakkında düzenlenen **YAKALAMA EMRİNİN AYNEN DEVAMINA,**

Karar verilmesi kamu adına talep ve iddia olunur. 10/03/2026

İpek ÖZENLİ KESKİN
212042
Cumhuriyet Savcısı





**NOT** : SSÇ        T.C.        hakkında müşteki Süleyman KEÇECİ ve müşteki Hasan TOPAL'a yönelik Taksirle Bir Kişinin Yaralanmasına Neden Olma suçundan, müşteki yaralanmalarının basit tıbbi müdahale ile giderilebilecek derecede kalmış oluşu ve şikayet olmayışı sebebiyle kovuşturmaya yer olmadığına dair ek karar verilmiştir.

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden 8Y8cD3u - J1OdxEi - xdDL2eA - PV67CT= ile erişebilirsiniz.



# REPUBLIC OF TÜRKİYE

## İSTANBUL

### CHIEF PUBLIC PROSECUTOR'S OFFICE

#### Juvenile Bureau

**Investigation Number**      : 2024/56530

### FILE EXAMINATION RECORD

An accident occurred on 01/03/2024 at 23:20, after the vehicle plate numbered 34 EGG 06 controlled and directed by the Juvenile Pushed to the Crime      T.C.      crashed into victim      O.M.A.      and complainants Süleyman Keçici, İbrahim Gümüş, Hasan Topal and      T.A.      who were repairing an ATV in the road located in Eyüpsultan Ilçesi Davutpasa Caddesi Belgrat Ormanı. Due to the accident,      O.M.A.      deceased. Süleyman Keçici, İbrahim Gümüş, Hasan Topal and      T.A.      were injured. After the accident, Juvenile Pushed to the Crime      T.C.      and his mother Eylem Tok went abroad to obstruct the investigation and prosecution against them. They are determined to be in the United States of America still. A red notice request was prepared with regard to Juvenile Pushed to the Crime      T.C.      and his extradition from the United States of America is expected. A public case was filed against Juvenile Pushed to the Crime after preparing an indictment pursuant to Articles 85/2, 22/3 and 31/3 of the Criminal Code of Türkiye. The aforementioned public case was docket numbered 2026/119 by İstanbul 2nd Juvenile High Criminal Court.

Article 85/2 of the Criminal Code of Türkiye reads as follows. *"If the act results in the death of more than one person, or the injury of one or more persons together with death of one or more persons, the offender shall be sentenced to a penalty of imprisonment for a term of two to fifteen years"*.

Article 22/3 of the Criminal Code of Türkiye reads as follows. *"An act is conducted with conscious recklessness when the result is foreseen but is not desired; in this case, the penalty for the reckless offence shall be increased by one-third to one-half"*.

The provision set forth under Article 22/3 of the Criminal Code of Türkiye does not constitute an independent offence in terms of the Turkish law but it has an aggravating nature. In the indictment prepared by our Chief Public Prosecutor's office with regard to the investigation in question, this provision was also included as aggravating and Article 85/2 of the Criminal Code of Türkiye was included as a supporting article. **26/03/2026**

İpek ÖZENLİ KESKİN

212042

Public Prosecutor

*e-signed*



## Article 22 of the Criminal Code of Türkiye

(1)    Acts conducted with recklessness shall be subject to a penalty only where explicitly prescribed by law.

(2)    Recklessness is defined as conducting an act without foreseeing the results as stated in the legal definition of the offence, due to a failure to discharge an obligation of care and attention.

(3)    An act is conducted with conscious recklessness when the result is foreseen but is not desired; in this case, the penalty for the reckless offence shall be increased by one-third to one-half.

(4)    The penalty to be imposed for an offence committed with recklessness shall be determined according to the offender's fault.

(5)    In offences committed by more than one person with recklessness, each individual shall be responsible for his own fault. The penalty for each of the offenders shall be determined separately, according to his own fault.

(6)    A penalty shall not be imposed if, as the result of a reckless act, the offender becomes a victim to such a degree exclusively with regard to his personal and family circumstances that imposing a penalty becomes unnecessary. Where the offence is committed with conscious recklessness, then penalty to be imposed may be reduced by one-half to one-sixth.



# REPUBLIC OF TÜRKİYE
## İSTANBUL
## CHIEF PUBLIC PROSECUTOR'S OFFICE
### Juvenile Bureau

**Investigation Number** : 2024/56530
**Docket Number** : 2026/11884
**Indictment Number** : 2026/192

## INDICTMENT
### TO İSTANBUL ( ) JUVENILE HIGH CRIMINAL COURT

**PLAINTIFF** : Public Law

**DECEASED** :    O.M.A.    son of ÖZER and PERVİN, born on ▮/1995

**VICTIMS** : 1- **İBRAHİM GÜMÜŞ**, son of MURAT and JALE, born on ▮/2003, resides in Gümüşdere Mah. Uğur Sk. No:7/1 Sarıyer/İSTANBUL
2-    T.A.    son of HÜSEYİN and SAADET, born on ▮/2001, resides in Gümüşdere Mah. Bezirgan Sk. No:17 İç Kapı No:1 Sarıyer/İSTANBUL

**COUNSEL** : Trial Attorney MAHMUT BURAK ERDEN 16926-29684-74224

**COMPLAINANT** : **ÖZER ACİ**, son of NAFİZ and HOŞNAZ, born on ▮/1963, Gümüşdere Mah. Bulgur Sk. No:3 İç Kapı No:4 Sarıyer/İSTANBUL Sarıyer/İSTANBUL

**COUNSEL** : Atty. BURAK ATLI 15169-61786-16906
Atty. HACI ORHAN 16871-78672-71919

**AGGRIEVED PARTY** : **ŞÜKRİYE ACİ**, daughter of HÜSEYİN and SAADET, born on ▮/1996, Gümüşdere Mah. Bulgur Sk. No: 2 Sarıyer/İSTANBUL

**COUNSEL** : Atty. AHMET ASLAN 16452-54477-76833

**JUVENILE PUSHED TO THE CRIME** :    T.C.    son of BÜLENT and EYLEM, born on ▮/2007, registered to KARS Province, MERKEZ District, BOĞAZ Village, volume numbered 18, family serial numbered 12, serial numbered 236, resides in Göktürk Merkez Mah. Koruyolu Cad. No:34 İç Kapı No:1 Eyüp/İSTANBUL *(Red Notice Request was issued regarding the Juvenile Pushed to The Crime and his extradition from the United States of America is expected).*

**DEFENSE COUNSEL** : Atty. ŞEREF AKÇAY, İSTANBUL 16053-50686-38506
Atty. EKİN SOYSAL, İSTANBUL 16376-73872-41821
Atty. GÖKHAN METİN, İSTANBUL 16712-17482-82256

Atty. ÖMER FARUK YARDIM, İSTANBUL
Atty. EMİNE ANIL AKÇAY KARABAY, İSTANBUL
16034-30555-73635

**OFFENCE** : Causing death or injury with conscious recklessness

**PLACE AND DATE OF OFFENCE** : 01/03/2024
**DATE OF ARREST WARRANT** : 07/03/2024
**RELEVANT LAW ARTICLES** : Articles 85/2, 22/3 and 31/3 of the Criminal Code of Türkiye

**EVIDENCE** : Statements taken, Expert Reports, Crime Scene Examination Report, Records, Security Camera Footages, Forensic Medicine Reports, Identity Register and Criminal Record and whole scope of the file

## INVESTIGATION FILE WAS EXAMINED

The following was understood within the scope of the investigation initiated by our Chief Public Prosecutor's Office regarding the traffic accident occurred on 01/03/2024 at 23:20 in Eyüpsultan Mithatpasa Mahallesi Davutpasa Caddesi where Oğuz Murat ACİ deceased and Süleyman KEÇİCİ, İbrahim GÜMÜŞ, Hasan TOPAL and    T.A.    were injured.

### 1. FILE PROCEEDINGS AND EVIDENCE

It was determined that the teams arriving at the scene found that the Porsche vehicle with license plate 34 EGG 06 had rear-ended three ATV-type vehicles, the car had fallen into the water channel on the left side of the road, two of the ATVs had gone down the cliff on the right side of the road, and one ATV was in front of the car. The driver of the Porsche with license plate 34 EGG 06 fled the scene. Among the individuals taken to various hospitals, it was established that    O.M.A.    was brought in with a life-threatening condition and was pronounced dead at Seyrantepe Hamidiye Eftal Training and Research Hospital. In the accident, Süleyman Keçici,    T.A.    İbrahim Gümüş, and Hasan Topal were injured. According to the Forensic Medicine Institute Istanbul Branch report numbered 2024/5680 - 5683, the injuries of Süleyman Keçici and Hasan Topal were minor and could be treated with simple medical intervention, while    T.A.    injuries were life-threatening and involved a bone fracture (6th-degree severe fracture). It was stated that an opinion should be obtained from the Istanbul ATK 2nd Specialization Board regarding İbrahim Gümüş. According to the report numbered 19443 dated 18/11/2024 by the Istanbul ATK 2nd Specialization Board, İbrahim Gümüş's injuries were life-threatening and involved a bone fracture (4th-degree severe fracture). The Forensic Medicine Institute 1st Specialization Board report numbered 4799 dated 18/07/2024 stated that the death of    O.M.A.    was caused by general body trauma, leg bone fractures, vascular injury, and resulting complications, and that there was a causal link between his death and the injuries sustained in the traffic accident involving the vehicle driven by the Juvenile Pushed to Crime.

It was determined that the driver of the Porsche with license plate 34 EGG 06 was Juvenile Pushed to Crime    T.C.    and the passengers were Alp Küçükönder, Arda Acar, and Bartu Arslanoğlu. Immediately after the accident, a Volvo vehicle with license plate 34 BOD 377 arrived, driven by Demir Öcalgiray, with passengers Poyraz Tarhan Erdem, Yılmaz Erk Akın, Mehmet Efe Yılmaz, Zekai Hakkı Dorum, and Kerem Ataç. All of these individuals were found to be under 18 years of age.

In their statements, victims Hasan Topal, Süleyman Keçeci, İbrahim Gümüş, and    T.A. summarized that on the day of the incident, around 21:30, they were riding three

different ATVs with    O.M.A.    and a total of five people. When one of the ATVs broke down, they stopped by the roadside. The other two vehicles, which were not malfunctioning, kept their hazard lights on to be noticed, but since the road was dark, they thought it was insufficient and parked one of the vehicles with its headlights on to illuminate the direction of traffic. While they were busy repairing the vehicle, passing cars noticed them and drove by. During the repair, the car driven by Juvenile Pushed to Crime    T.C.    hit them, and they filed complaints. However, with their petition dated 21/05/2025, the deceased Murat Aci's wife Şükriye Aci and the injured complainants Süleyman Keçeci, Hasan Topal, İbrahim Gümüş, and    T.A.    withdrew their complaints, while the complainant father Özer Aci's complaint remains ongoing.

In the statements taken from the witnesses Demir Orhan ÖCALGİRAY, Kerem ATAÇ, Zekai Hakkı DORUM, Mehmet Efe YILMAZ, Poyraz Tarhan ERDEM, Yılmaz Erk AKIN, and Alp KÜÇÜKÖNDER, they stated that on 01/03/2024 at around 23:00,    T.C.    was driving a Porsche vehicle with license plate number 34 EGG 06 on the Eyüpsultan Belgrad Forest road. They reported that he overtook the Volvo driven by Demir, drove at high speed, and entered the curves sharply. Despite warnings from his friends in the same vehicle to slow down, T.C. did not listen, and they fastened their seatbelts just in case. As he entered another curve at high speed, they saw ATV vehicles, and T.C. turned the steering wheel to the left, causing the car to skid and collide with the ATVs on the right side. They noticed two people in the middle of the road, one person down the slope, and one person under T.C. car, and they tried to help. T.C. called his mother, and his mother, Eylem TOK, arrived at the scene with another woman. T.C. then fled the scene. They also stated that they saw two injured persons lying on the roadside. One of the injured asked Zekai Hakkı DORUM to turn on the light of his own phone and check his head. After Zekai checked the injured person's head, he and Kerem ATAÇ went to Kemer Country. Zekai, realizing absentmindedly that he had put the injured person's phone in his pocket, gave it to Kerem, thinking Kerem would return to the scene. However, Kerem said he could not take such responsibility and left the phone on a wall, after which a security guard took the phone.

Witness Arda Acar, in his testimony, stated in summary that; he was a passenger in    T.C.    vehicle at the time of the accident; that T.C. was driving at a high speed; that they warned him to drive more slowly, but    T.C.    did not reduce his speed; that upon checking the speedometer he observed the indicator showing above 100 km/h; and that approximately one second after this observation, the accident occurred.

Witness Bartu Aslanoğlu, in his testimony, stated in summary that; at the time of the accident he was a passenger in the vehicle driven by the juvenile suspect    T.C. that while returning to Bahçeköy, T.C. began driving at high speed; that together with Arda they warned T.C. to slow down, but upon his failure to do so they fastened their seat belts; that T.C. had not consumed alcohol prior to or during the accident, but was driving the car at excessive speed; that he observed the speedometer needle reaching 170 km/h; that approximately one second before the accident he saw a red traffic light on the road; and that immediately thereafter the accident occurred.

Witness Hikmet Altun, the chief of security at Kemer Country Site, in his testimony stated in summary that; upon being contacted and urgently requested to come to the main gate, he became aware of a mobile phone that had been left there; that the children there indicated the phone belonged to their friend Demir who had been involved in the accident; that at that moment an SUV vehicle with license plate number 34 BOD 777 arrived, and the female driver stated "I know both Demir and his mother, give me the phone and I will deliver it to him," and took possession of the phone; that Eylem Tok also said, "The phone belongs to Demir, there is no objection to giving it to this lady"; that suspecting the individuals' anxious behavior, they reviewed the security camera footage and observed four children tossing the phone among

themselves while moving away; that finally one of them threw the phone into a taxi, and after the child exited the taxi, he placed the phone against a wall; and that these events were observed in the footage.

Witnesses Velat Tuncer and Naci Ceylan, security officers at Kemer Country, in their testimonies stated in summary that; on the night of 01/03/2024 they observed a child alighting from a taxi and placing a mobile phone on the outer wall of the site; that subsequently Eylem Tok approached them and declared that the phone belonged to their acquaintance named Demir, and that she knew Demir's mother, whereupon she took possession of the phone.

Upon review of the security camera footage, it was determined that prior to the incident the juvenile suspect and his friends had entered a fuel station, made purchases, and then proceeded toward the location of the incident; and that there was no camera coverage at the exact place where the accident occurred.

The footage dated 01/03/2024 at 23:51 from Kemer Country Site shows Demir Orhan Öcalgirey, Zekai Hakkı Dorun, and Kerem Ataç together with four unidentified individuals waiting by the roadside; that Kerem entered a taxi; that Demir took a mobile phone from Zekai and handed it to Kerem, then entered the site on foot; that Kerem alighted from the taxi and ran after them. The footage dated 02/03/2024 at 00:01 shows Berna Öcalgirey, identified as the mother of Demir Orhan Öcalgirey, entering the site in a vehicle bearing license plate number 34 BOD 777. The footage dated 02/03/2024 at 00:15 shows Eylem Tok entering the site in a vehicle bearing license plate number 34 FPA 695.

According to the expert report dated 15/03/2024 prepared by a mechanical engineer regarding the vehicle operated by the juvenile pushed to crime and the damaged ATVs involved in the accident, it was determined that: "The Porsche Taycan 4S bearing license plate number 34 EGG 06 sustained a rupture of the right front axle connection; the right front fender, right front door, right rear door, right mirror, front hood, and front bumper were broken; the windshield shattered as a result of a person falling onto it during the collision; the left front tire was destroyed; and the driver and passenger airbags, as well as the lower dashboard leg-protection airbags, were deployed. The Yuki brand ATV bearing license plate number 34 DJD 284 sustained damage to the left rear axle connection. The ATV bearing license plate number 34 PL 4320 was determined to be a total loss. Another unregistered and unlicensed ATV was also determined to be a total loss..... The report further concluded that the juvenile pushed to crime entered the curved section of the road at an estimated speed of 170–180 km/h and, upon exiting the curve, collided with the ATVs parked along the roadside".

With respect to the juvenile pushed to crime        T.C.        a Red Notice was issued pursuant to the Arrest Warrant of İstanbul 7th Juvenile Court dated 07/03/2024 with Miscellaneous File No. 2024/1958 on the charge of Causing Death and Injury by Negligence, according to the letter No. E.81016607-4-1-TR-871-2024-3575/32024 of the Ministry of Justice Directorate General for Foreign Relations and the European Union Affaris, it was stated that the suspect could not be extradited at present due to the matter still being under judicial review, and that extradition would become possible once the appeal proceedings are concluded. At the current stage, in order to prevent further delay of the investigation, it has been concluded that the suspect's statement may also be taken during the prosecution phase, and that, considering the existing evidence and the status of the file, an indictment should be prepared.

### 2. FACTUAL AND LEGAL ASSESSMENT

When the statements obtained during the investigation conducted, expertise reports, crime scene investigation reports, minutes, security camera footage, forensic medicine reports, and the entire case file are evaluated as a whole, it has been determined that on 01/03/2024 at around 23:20, on Davutpaşa Main Street in Mithatpaşa Neighborhood, Eyüpsultan, the Porsche vehicle with license plate number 34 EGG 06, driven and controlled by Timur CİHANTİMUR, collided with three ATV-type vehicles parked on the roadside due to mechanical failure, and with

individuals nearby — O.M.A. İbrahim Gümüş, T.A. Süleyman Keçici, and Hasan Topal — causing a rear-end traffic accident resulting in death and injury. According to the Forensic Medicine Institute 1st Specialization Board Report dated 18/07/2024, the death of the deceased O.M.A. occurred due to general body trauma, leg bone fractures, vascular injury, and subsequent complications. It was stated that there is a causal link between the injuries sustained in the traffic accident by the deceased and his death. The report of the Forensic Medicine Branch Directorate indicated that complainants Süleyman Keçici and Hasan Topal were injured to a degree treatable with simple medical intervention, while complainant T.A. sustained injuries that could not be treated with simple medical intervention, with bone fractures severely (degree 6) affecting his vital functions. The Forensic Medicine 2nd Specialization Board Report stated that complainant İbrahim Gümüş sustained injuries that could not be treated with simple medical intervention, with bone fractures severely (degree 4) affecting hi vital functions and posing a life-threatening condition. Expertise examination of the damaged ATV vehicles revealed that two were damaged beyond repair (total loss), and one sustained severe damage with a broken axle connection. The Accident Report dated 01/03/2024 established that the maximum speed limit at the location of accident was 30 km/h. Considering the damage to the ATVs, it was concluded that T.C. the juvenile pushed to crime, was driving at a speed well above the legal limit at the time of the accident. The Forensic Traffic Expertise Report dated 07/03/2024 determined that at the time of the accident, the weather was clear, the road surface was dry, and the road was curved and T.C. the juvenile pushed to crime, was primarily at fault due to violations of Articles 52/1-b, 84-d, and 81-d of the Highway Traffic Law No. 2918, while the off-road vehicles stopped due to mechanical failure were secondarily at fault for violating Article 135 of the same law. The Forensic Medicine Traffic Specialization Board Report dated 25/04/2024 indicated that T.C. was primarily at fault, while the deceased O.M.A. and complainants Süleyman Keçici, İbrahim Gümüş, T.A. and Hasan Topal were each secondarily at fault. Since T.C. the juvenile pushed to crime, fled the scene after the incident, an alcohol test could not be performed. The response letter from Eyüpsultan District Governorship dated 13/03/2024 confirmed that no driver's license had been issued in the name of T.C. According to the Expertise Report dated 03/09/2024, the S.O.S. system of the vehicle driven by T.C. was activated after the accident, automatically calling the 112-emergency hotline. The operator of 112 attempted to establish communication with the occupants of the vehicle but was unsuccessful.

According to both scholarly doctrine and established judicial precedents, when the perpetrator knows and intends the inevitable result, this constitutes direct intent; when the perpetrator foresees a possible outcome but remains indifferent and accepts the risk, this constitutes probable intent; when the perpetrator acts in violation of the duty of care and diligence and an unforeseen result occurs, this constitutes simple negligence; and when the perpetrator acts in reliance on the belief that the consequence—which he foresaw as resulting from his conduct in violation of the duty of care and diligence—will not occur, whereas in the event that the foreseen possible consequence does occur, this constitutes conscious negligence. In the precedents set by the 12th Criminal Chamber of the Court of Cassation, it has been stated that in cases where an accident occurs while driving at twice or more the speed limit, the provisions of conscious negligence must be applied. (See Court of Cassation 12th Criminal Chamber judgements numbered 2025/6275 E, 2025/7513 K; 2015/2805 E, 2015/19227 K).

Upon examination of the concrete case, it has been determined that the 17-year-old unlicensed driver, the juvenile pushed to crime, T.C. :d a curve where the existing and maximum speed limit was set at 30 km/h, without lighting and with a speed bump at an excessive speed. According to witness statements, although the vehicles in motion slowed down, the juvenile pushed to crime, T.C. , did not reduce his speed

and overtook these vehicles. He first overtook the Volvo driven by his friend Demir, then overtook another automobile that had slowed down at the speed bump, continuing his course without reducing speed. Despite warnings from his friends in the vehicle to slow down, he persisted in driving at high speed. Under these circumstances, while proceeding on the road with a 30 km/h speed limit, he should have foreseen that he could cause an accident at any moment, yet continued driving despite not intending the result. Consequently, by colliding at high speed with the ATV vehicles located on the roadside (causing severe damage to three ATVs, at a speed determined by the expert report dated 15/03/2024 as 170–180 km/h, and according to witness Arda's statement immediately before the accident as exceeding 100 km/h), it has been understood that the juvenile pushed to crime,          T.C.          was the principal negligent party in causing the accident. It has been assessed that at the time of the traffic accident, the juvenile pushed to crime,          T.C.          was driving his vehicle at a speed more than twice the lawful limit of 30 km/h, thereby committing the act with conscious recklessness.

As a result of          T.C.          act, which falls under the category of conscious recklessness and constitutes principal fault, O.M.A.          lost his life, while İbrahim GÜMÜŞ and          T.A.          sustained injuries of such severity that they could not be cured by a simple medical treatment, including bone fractures and life-threatening conditions. Although the complainants subsequently withdrew their complaints regarding their injuries, given that the offense falls within the scope of conscious recklessness, no complaint is required in respect of the injured complainants İbrahim GÜMÜŞ and          T.A.          pursuant to Article 89/5 of the Turkish Criminal Code. The injuries sustained by İbrahim GÜMÜŞ and          T.A.          are considered qualified injuries as defined under Article 89/2 of the Turkish Criminal Code; however, the act as a whole constitutes the offense set forth under Article 85/2 of the Turkish Criminal Code. Taking into account both the number of injured victims and the nature of their injuries, it has been determined that, when imposing the penalty on the juvenile pushed to crime, the basic penalty must be set slightly above the lower limit in accordance with Article 61 of the Turkish Criminal Code.

### 3. CONCLUSION AND REQUEST

For the reasons explained above, it is requested and claimed on behalf of the public that a decision be rendered as set forth below:

Since it has been understood that the juvenile pushed to crime,          T.C.          committed the offense of causing the death of one person and the injury of multiple persons through conscious recklessness, the trial of the juvenile pushed to crime shall be conducted by your Court in accordance with Article 26(1) of Law No. 5395, and the juvenile pushed to crime shall be **SENTENCED** in accordance with the relevant articles set forth above, pursuant to Article 185(1) of the Criminal Procedure Code. In determining the basic penalty, the nature of the injuries sustained by the victims, the large number of victims, and the fact that the juvenile pushed to crime caused the accident and the resulting deaths and injuries by driving at a speed far exceeding the legal limit at the time of the traffic accident shall be taken into account, and the basic penalty shall be set at a level above the minimum limit. Since it has been determined that the offense was committed with conscious recklessness, the basic penalty shall be **INCREASED IN ACCORDANCE WITH ARTICLE 22/3 OF THE TURKISH CRIMINAL CODE.**

Pursuant to Article 31(3) of the Turkish Criminal Code No. 5237, the penalty to be imposed on the juvenile pushed to crime shall be **REDUCED** on the grounds of minority.

The items registered under sequence number 2024/13016 in the Judicial Storage shall be **KEPT** in the case file as evidence.

The security measures provided for in the Child Protection Law No. 5395 shall be **IMPOSED** with respect to the juvenile pushed to crime.

The execution of the arrest warrant issued against the juvenile pushed to crime, T.C. shall be **CONTINUED EXACTLY.** 10/03/2026

İpek ÖZENLİ KESKİN
212042
Public Prosecutor
*e-signature*

NOTE: An additional decision of non-prosecution has been rendered regarding the juvenile pushed to crime,        T.C.        for the offense of "Causing Injury of Another by Reckless Conduct" against complainants Süleyman KEÇECİ and Hasan TOPAL, since the complainants' injuries were of a nature that could be cured by a simple medical treatment and no complaint was filed.